## HENRY HELLMAN

*v.*

## JOHN SCHNEIDER *et al.*

1. CHANCERY JURISDICTION — *remedy at law — interpleader.* Where a bill in equity showed that the complainant employed one B to do certain work in the erection and completion of a house, for which he was to pay

$6,075, that he had made payments amounting to $5,883.72 ; that B failed to comply with the terms of the contract, and did not complete the work to be by him performed, in a careful, skilful and workman-like manner, specifying particularly wherein he so failed ; that complainant was damaged thereby $1,000, and much more than otherwise would be due under the contract. and that there was nothing due to B ; also charging, that since such payments, the complainant had received notices from many persons claiming liens as sub-contractors, whose claims amounted to $4,500, and that they have brought suits against him, and that he was not liable to any of them, and that B was insolvent, and praying for an account to be taken to ascertain if he owed any thing, and, if so, that the same be apportioned between the several claimants: *Held,* that the facts alleged did not bring the case within any recognized principle upon which either a bill for interpleader, or bill in the nature of a bill of interpleader, would lie, and that upon the facts stated his defense was complete to each of the suits against him.

2. PARTIES IN CHANCERY — *reforming contract for mistake.*   On bill to reform a contract on the ground of an alleged mistake therein, the other party to such contract is a necessary party, and if the bill is dismissed as to him, no relief can be had.

APPEAL from the Circuit Court of Cook county; the Hon. W. W. FARWELL, Judge, presiding.

Messrs. BARBER & LACKNER, for the appellant.

Mr. FREDERIC ULLMANN, for the appellees

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellant alleges in his bill that he entered into a contract with one Joseph Becker, whereby Becker agreed to build, finish and complete, etc., for him, a certain building for the price of $6,075, of which sum three-fourths were to be paid during the progress of the work, and the remaining one-fourth was to be paid thirty days after its completion ; that he is ignorant of the English language, and could not read the written contract which was drawn up and presented to him for his signature.; but he was informed by Becker, and by Meissner, the architect who drew up the contract, that the contract price therein stipu

lated to be paid was the sum of $6,075, and that with this understanding he consented to the same; that he has since understood that Meissner, with the knowledge of Becker, and for the purpose of defrauding appellant, inserted in said written contract, as the contract price, $6,975, and that he was ignorant of this at the time of signing.

He alleges payments made on the contract, pursuant to its terms, amounting in the aggregate to $5,883.72; that Becker failed to comply with the terms of the contract, and did not complete the work to be performed by him, in a careful, skilful and workman-like manner, specifying particularly wherein he so failed; that complainant was, in consequence thereof, damaged to the amount of $1,000, and much more than the balance which would otherwise be due Becker under the contract, and that there is nothing due to Becker under the contract.

He further alleges that since he made the payments he has received notices from many persons that they claim liens on said building, for work done and materials furnished thereon; and whether there is any thing due them from Becker he is uninformed; that the aggregate of such pretended claims or liens is $4,500; that all of these parties have commenced suits against him to enforce their pretended liens; that he is not liable to any of these parties on their sub-contracts, having paid the full amount justly due on said original contract; but if it should be ascertained in a court of equity that there is still a balance due from him to Becker, the same should be ratably divided, etc.; that Becker is irresponsible, and he cannot, therefore, have a complete remedy at law against him to recover any money which he may be compelled to pay on said sub-contracts, in excess of the contract price. The sub-contractors, so claiming, are all made defendants.

The prayer of the bill is, that an accounting be had between complainant and Becker, for the purpose of ascertaining the amount, if any thing, that may be due; that the contract between complainant and Becker be reformed by changing the

contract price from $6,975 to $6,075; that the amount to be found due, if any thing, be divided *pro rata* among such of the defendants as may be entitled thereto under the statute, etc.

The defendants, except Becker, demurred to the bill, for want of equity. The court below sustained the demurrer, and dismissed the bill as to such defendants. Appellant, thereupon, dismissed the bill as to Becker, and appealed to this court.

Appellant insists that the sufficiency of his bill is settled by *Newhall* v. *Kastens et al.* 70 Ill. 156. In this he is mistaken. In that case it was distinctly alleged that complainant held a specified amount of money that he was desirous of paying over to whichever of certain parties making conflicting claims was entitled thereto. In the bill before us, appellant emphatically denies that he is indebted to Becker, the principal contractor, or that he has any fund in his hands on which defendants have any claim.

The facts alleged do not, in our opinion, bring the case within any recognized principle upon which either a bill for interpleader, or a bill in the nature of a bill of interpleader, will lie.

Appellant seeks no affirmative equitable relief, and he denies that the defendants have any claim, either equitable or legal, against him. If his allegations be true, there is nothing to adjust between him and the defendants, and his defense is complete to each of the suits they have instituted against him.

But it is finally insisted that the bill should be maintained as a bill to reform a contract. The conclusive answer to this is, that Becker was a necessary party to such a bill, and appellant has voluntarily dismissed it as to him.

We perceive no grounds for the interposition of a court of equity.

The decree is affirmed.

*Decree affirmed.*