## GLENCOVE GRANITE CO. v. CITY TRUST, SAFE DEPOSIT & SURETY CO.

(Circuit Court, E. D. Pennsylvania. April 21, 1902.)

No. 65.

FORMER JUDGMENT—CONCLUSIVENESS.

Where, in an action in a state court to recover on a lien bond, plaintiff, a foreign corporation, was defeated because of its failure to produce the evidence required by statute of its right to do business and sue in such state, the judgment in such action is a bar to a recovery for the same

cause of action in a federal court, though the plaintiff there produces evidence that it had the right to do business and sue in such state at the time the former action was tried, which evidence was in its possession at the time of the trial in the state court.[1]

Motion by Defendant for Judgment on Reserved Point Notwithstanding the Verdict.

Horace L. Cheyney and James J. Macklin, for plaintiff.
Lincoln L. Eyre, for defendant.

J. B. McPHERSON, District Judge. The questions presented upon the trial of this case were (with one exception) precisely those that were passed upon by the circuit court of appeals in the opinion reported in 113 Fed., at page 177. The defendant added nothing essential to the record that was then before the court of appeals, and the plaintiff offered one additional paper only, about which I shall speak in a moment. Since, therefore, the court of appeals has decided that the record then presented to that court disclosed a prima facie defense, and since the recent trial of the case before me did not explain or remove the apparent obstacle to recovery which the decision declared to exist, it seems to me to follow inevitably that the prima facies must prevail, and that the defendant is entitled to judgment. My own opinion was different, and, if I may say so respectfully, still is different; but, of course, I obey cheerfully the ruling of the appellate tribunal.

The defendant, therefore, is entitled to judgment on the reserved point, unless the paper to which I have referred as having been offered in evidence by the plaintiff ought to lead to a contrary conclusion. This was a certificate, dated February 18, 1897, from the office of the secretary of state of New York, and is as follows:

"State of New York, Office of the Secretary of State, Albany.

"It is hereby certified, that Glencove Granite Company, which appears from the papers filed in this office on the 18th day of February, 1897, to be a foreign stock corporation organized and existing under the laws of the state of Maine, has complied with all the requirements of law to authorize it to do business in this state, and that the business of such corporation to be carried on in this state is such as may be lawfully carried on by a corporation incorporated under the laws of this state for such or similar business.

"Witness my hand and the seal of the office of the secretary of state, at the city of Albany, this 18th day of February, 1897.

"[Seal of New York.]                 J. M. Palmer, Secretary of State."

As is shown by its date, this certificate was in existence at the time of the trial in New York on December 7, 1899, and it was for failing to prove that such a certificate had been issued that the New York court decided that the granite company could not recover against the trust company upon the bond now in suit. Why the certificate was not produced at that trial does not appear in proof, nor is the reason material. In the view I take of the matter, the first point for consideration is not, what effect, if any, should the certificate be allowed to have in the present action? but, can the certificate be considered at all? Under well-settled principles of the law of res judicata, if the trial in

[1] See Judgment, vol. 30, Cent. Dig. § 1241.

New York was upon the merits, the judgment rendered there is conclusive, and nothing that was then in controversy, or that might have been put in controversy, can ever be re-examined in another suit between the same parties. As was said in Dowell v. Applegate, 152 U. S. 345, 14 Sup. Ct. 618, 38 L. Ed. 463:

"The judgment estops, not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented."

And in The Haytian Republic, 154 U. S. 129, 14 Sup. Ct. 995, 38 L. Ed. 930, the following statement of the rule was approved:

"An adjudication is final and conclusive, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and have had decided as incident to or essentially connected with the subject-matter of the litigation, and every matter coming within the legitimate purview of the original action, both in respect to matters of claim and of defense."

See, also, Dimock v. Copper Co., 117 U. S. 566, 6 Sup. Ct. 855, 29 L. Ed. 994, and Harshman v. Knox Co., 122 U. S. 317, 318, 7 Sup. Ct. 1171, 30 L. Ed. 1152.

Now, that the trial in New York was upon the merits is expressly declared by the circuit court of appeals, as will appear by the following quotation from the opinion:

"The finding that the plaintiff, a foreign corporation, had failed to show that it had procured the certificate required by law to authorize it to do business in the state of New York undoubtedly was a finding responsive to an issue tendered by the pleadings as between the Glencove Granite Company and the City Trust, Safe Deposit & Surety Company. Moreover, that finding went to the merits of the case. It related to a substantial matter. It sustained a defense which involved the rights of the parties. It went to the plaintiff's right of action."

This being so, I am of opinion that the certificate now under consideration, which undoubtedly might have been given in evidence at the trial in New York, and, if offered, would, with the other evidence, have required the court to enter judgment in favor of the plaintiff against the trust company, cannot be considered, or, if considered, be allowed now to have any effect whatever. It was a defense that might have been taken then, and is therefore now irrevocably gone. This particular paper is said to have been mislaid, and therefore unavailable at the trial in New York, but no reason is perceived or has been suggested why a duplicate could not have been obtained.

It is true that the court of appeals, in the concluding portion of its opinion, uses the following language:

"Again, if the statutory inhibition against doing business operates only on the remedy, and may be lifted if the delinquent corporation is able to procure, out of time, the issuance by the secretary of state of the required certificate, it may be competent for the plaintiff to show here that it obtained such a certificate since the former trial, or even before. Upon these questions we intimate no opinion."

This may be thought to intimate that such a certificate might still be admissible in spite of the New York judgment, but I do not so understand the court. Such an intimation would directly conflict with the previous declaration that the judgment was upon the merits, for

the effect of such a judgment must, of course, have been well known, and the express reservation of the court's opinion shows, I think, that something else must have been in mind. I see no escape from the conclusion I have just stated, namely, that, since the finding in New York was upon the merits of the case, no further inquiry concerning that subject can be had in the present suit.

It is therefore ordered that judgment be entered for the defendant on the reserved point, notwithstanding the verdict.