## SIMON v. HINE et al.

No. 9894—Opinion Filed May 11, 1920.

(Syllabus by the Court.)

1. **Quieting Title—Necessary Parties.**

In an action for the cancellation of deeds and to remove cloud on title to real estate, every person whose legal or equitable status with reference to the real estate involved will be materially changed by the judgment is a necessary party to the suit.

2. **Deeds—Reformation—Grantors Necessary Parties.**

In a suit for reformation of deed, equity in such case, not knowing the interest of grantors, will not reform such deed without making the grantors parties to the suit.

3. **Quieting Title—Evidence of Notice—Records of Former Trial.**

In an action to remove cloud on title, where the claim of one of the title holders is that he was an innocent purchaser in good faith, the records of a former trial and judgment which tend to show that such party had notice of the condition of title to the land and that it was in litigation, and that he was a necessary party to such former action, are competent evidence, material to the issue, and to exclude which is error.

Error from District Court, Seminole County; C. Guy Cutlip, Judge Pro Tempore.

Action to cancel deeds and to remove cloud on title by Polly Simon against T. S. Hine, Weston Atwood, and Joseph A. Goodwin. Judgment for defendant Hine, and plaintiff brings error. Reversed and remanded.

J. A. Baker, for plaintiffs in error.

Davis & Patterson, for defendants in error.

HARRISON, J. This was a suit for the cancellation of certain deeds and for removal of cloud on title to real estate.

Polly Simon was a Seminole freedman, duly enrolled, and received her allotments as such. She had two sons, Gus Island and Pilot Island, by a former husband whose name was Henry Island. The two sons were likewise enrolled as Seminole freedmen and received allotments as such. Pilot Island's allotment comprised the west ½ of the southeast ½, and the southeast ¼ of the southeast ¼ of section 24, twp. 9 north, R. 7 east I. M. He died December 23, 1906, at the age of 15 years. The title to his said allotment, it is claimed, passed to his mother, Polly Simon, as sole heir of his estate, and this suit grew out of transactions involving a conveyance of his allotment within a few days after his death. On the next day after his death his mother, Polly Simon, drove into the town of Wewoka to get a coffin and shroud in which to bury him, and went to the store of C. S. Crouch, a dealer in coffins, etc., and not having the money to pay for same, she sought to sell a farm lease on 40 acres of her deceased son's allotment. Mr. Crouch informed her that he was not dealing in lands, but knew a man who was, his name being James E. Foreman. So Crouch and one Dennis Cyrus saw Foreman and brought him down to Crouch's store, whereat an agreement was reached that Polly Simon would convey to Foreman some kind of a right to the deceased minor's allotment, and Foreman would pay for the coffin.

Polly Simon claims in her petition herein, and so testified, as shown by the record herein, that the agreement was that she would convey to Foreman a five-year farm lease on 40 acres of the allotment, in consideration for which Foreman was to pay for the coffin and shroud, which cost $30, and for some groceries, which amounted to something over $2.50. Some years later she discovered that what she understood to be a five-year lease on 40 acres had developed into two warranty deeds to the entire 120-acre allotment, and the decision in this case turns upon the question whether she intended to execute a lease on 40 acres of the allotment or intended to execute a warranty deed to the entire 120-

acre allotment for the price of the coffin and the few groceries she received. She claims that she executed a lease, and that the lease was the only instrument of any kind that she ever executed to Foreman, and that the deeds in question are absolute forgeries. The defendant claims that the deeds are genuine, and that she understood them to be warranty deeds at the time she executed them. One of said deeds purports to have been executed and acknowledged by her on the day she obtained the coffin, and the other deed to the same land to have been executed two days later, December 26th, by Polly Simon and her husband, Jack Simon. Polly Simon denies emphatically that she signed any instrument on the day she obtained the coffin, for the reason that that was Sunday, and it was agreed that the coffin would not be paid for on that day, but that she and her husband, Jack Simon, would come in on the day after Christmas and sign a lease.

Defendant claims that on the day she got the coffin she went before M. A. Fowler, a notary public, and at his office and in his presence signed and acknowledged the deed. She denied that she knew Fowler, and denied that she had gone to his office on that day. She claims that on Wednesday, after Christmas, she and her husband, Jack Simon, came into Wewoka to sign the lease, and did sign the lease in question in a hotel in Wewoka.

Defendant claims that she and her husband on that day signed and acknowledged the instrument in question before a notary public by the name of Jeffreys, and that such instrument was a warranty deed to all of her deceased son's 120-acre allotment to James E. Foreman. Now the defendant herein, T. S. Hine, claims title through a quitclaim deed from James A. Foreman and wife and from other sources, not material to the decisive question involved.

During the trial it was discovered that the deed executed to Foreman by Polly Simon alone, and also the deed executed to the same party by Polly Simon and her husband both included 40 acres of Polly Simon's undivided homestead allotment from the government, the same being the northeast ¼ of the southeast ½ of section 24, twp. 9, R. 7, and did not include 40 acres of the deceased minor's allotment, the same being the southeast ¼ of the southeast ¼ of said section, whereupon over the objection of Polly Simon, defendant, Hine, was permitted to amend his cross-petition to show that the misdescription was a mutual mistake, and he asked leave to reform it. Previous to this, how-

ever, and during the proceedings, Polly Simon had asked permission to make her husband, Jack Simon, a party to the suit, which permission was denied by the court.

The finding and judgment of the court were in favor of defendant, T. S. Hine, holding that the deeds in question were valid and further ordering that the deed be reformed in accordance with Hine's amended cross-petition; that is, by leaving out Polly Simon's 40 acres which was included in the deed and taking the son's 40 acres which had been left out.

The case is brought here upon an assignment of seven separate errors:

The first, in effect, assails the sufficiency of the evidence.

The second, that Jack Simon should have been made a party.

The third, in effect, to the same question as the first.

The fourth, to the same point, in effect, as the second.

The fifth, to the rejection of records of a former trial involving the same land, as evidence.

The sixth, that the court erred in holding T. S. Hine not bound by the judgment in the former suit.

The seventh, that the court erred in finding that "Polly Simon was the mother of deceased Pilot Island and as such inherited an undivided one-half interest in his estate," and then proceeding to award the whole title to T. S. Hine.

From the record in the case it becomes unnecessary for this court to weigh evidence and decide whether the judgment of the trial court was against the clear weight of the same.

As to the second error assigned, it is our judgment that Jack Simon was a necessary party to the suit. This was a suit which involved the equity powers of the court. Every person whose legal or equitable status, with reference to the real estate involved, would be materially changed by the judgment was a necessary party to the suit. Section 4690, Rev. Laws 1910; M. & P. Nat. Bank v. Horton, 27 Okla. 689, 117 Pac. 201; Burkett v. Lehman, etc., Groc. Co. 8 Okla. 84, 56 Pac. 856; Lynch v. U. S., 13 Okla. 142, 73 Pac. 1095; Hillman v. Schneider, 75 Ill. 422; 34 Cyc. 967.

Now, Jack Simon was the husband of Polly Simon, he and his wife resided upon the homestead allotment of Polly Simon, and had occupied same as a **constitutional homestead** from the date of the death of the minor son, Pilot Island, to the date of filing this suit, November 12, 1915, about nine years. Besides, he was one of the grantors in the deed under which Hine claimed, and the deed under which Hine claimed, until the court decreed the reformation of same, involved the homestead tract upon which he and his wife resided. Besides, it is not made to appear in the record that he had no rights in that portion of the land which had formerly been the deceased minor's allotment; at any rate he was one of the grantors in the deed, and equity, not knowing the interest of the grantors, would not reform a deed without making the grantors parties to the suit. Hillman v. Schneider, 75 Ill. 422; Oliver v. Cliffton, 59 Ark. 187; Vanderbeck v. Perry, 28 N. J. Eq. 367; 34 Cyc. 967.

It is urged by the defendant in error that after the court decreed a reformation of the deed, by which reformation the tract occupied as a constitutional homestead was excluded, he was not a necessary party, and defendant in error cites in support of this contention authorities; but it must be borne in mind that the reformation had not been decreed at the time Jack Simon asked to be made a party. The reformation was not decreed until after the testimony was all in and the case argued and closed, hence at the time the court refused to permit Jack Simon to be made a party the court could not have known, nor did any one else know at that stage of the proceeding, that such a decree would be rendered. And if Jack Simon had been made a party to the suit, thereby rendering his testimony competent, under section 5050 Rev. Laws 1910, the decree of reformation might not have been rendered. The court did not know what interest he had in the land, nor what would have been his testimony in that regard. Had he been made a party to the action and been permitted to testify, he might have been able to show rights in the premises and his testimony might have been such as to change the result; he might have been able to explain circumstances left unexplained in this record in such manner that, after full consideration of all the evidence and the circumstances of the making of these deeds upon which defendant, Hine, relied, the court would not have decreed the reformation of same. It was therefore error not to permit him to be made a party.

As to the fifth error assigned, the plaintiff, Polly Simon, offered the records of a former trial and judgment in a case involving title to the same land. These records

were offered for the purpose of showing that defendant, T. S. Hine, in his efforts to acquire title to this land, had notice of the condition of the title and was not an innocent purchaser in good faith; that he had acquired title during the pendency of said litigation and had notice thereof and had an interest therein and should have been made a party thereto. The court rejected such records as evidence and rejected all testimony in regard to same. These records and the testimony offered by plaintiff were material on the question as to whether Hine had purchased without notice. Had the court received such records and analyzed the issues therein made and decided, and observed what land was involved in the controversy and what parties were interested in the result of the controversy, and permitted testimony to be offered explanatory thereof, it might not have concluded that Hine was an innocent purchaser without notice of cloud on his title or adverse claims thereto. Hence it was error for the court to reject such evidence. Miller v. Belvy Oil Co., 248 Fed. 83; Glencove Co. v. Surety Co., 114 Fed. 978; Am. Bell Tel. Co. v. Nat. Impt. Tel. Co., 27 Fed. 663; Harrod, Guardian, v. Burke (Kan.) 92 Pac. 1128; Herman on Estoppel, sec. 186; Tilton v. Corfield, 93 U. S. 163.

Having reached the conclusions above, and being of the opinion that they constitute reversible error, we deem it unnecessary to decide the other errors assigned or to weigh the testimony and decide whether or not the judgment was clearly against the weight of the evidence. The judgment is reversed and cause remanded.

RAINEY, C. J., and JOHNSON, PITCHFORD, and McNEILL, JJ., concur.