## WORRELL v. GRAVES et al.

No. 12988—Opinion Filed April 8, 1924.

(Syllabus.)

### 1. Indians—Lease of Allotment—Invalidity.

An agricultural lease by the allottee for five years from a future date on the surplus allotment of a full-blood Choctaw Indian is invalid.

### 2. Same — Ejectment — Defenses — Reformation of Lease—Necessary Parties.

A defense to an ejectment action alleging the execution of a lease to the lands in question, with an erroneous description, in order to be available in suit for possession must seek reformation of such instrument, and lessor is a necessary party to such suit.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by E. L. Worrell against E. E. Graves and J. F. Jackson for ejectment and damages. Judgment for defendants, and plaintiff appeals. Reversed and remanded for new trial.

Green & Pruet, for plaintiff in error.

Bridges & Vertrees and E. B. Anderson, for defendants in error.

WARREN, J. This is an appeal from the district court of Jefferson county, wherein the plaintiff in error, plaintiff below, brought suit in ejectment against the defendants for 20 acres of land described in the petition. The suit was based on an agricultural lease from Willis Jackson, full-blood Choctaw Indian, dated February 11, 1921, expiring December 31, 1925.

Defendants answered with a general denial; further alleging execution by the allottee and ownership in them of an agricultural lease executed December 10, 1917, for a period from January 1, 1918, to December 31, 1922. They allege a mutual mistake in the description in the lease made between lessor and lessee and state that the description of the tract in suit was intended. They further allege actual, open, and notorious possession of said real estate, and knowledge of such possession by the plaintiff. Their prayer is that plaintiff recover nothing and that they recover costs.

The reply is a general denial. The issue is the validity of the lease relied on by defendants. They admit the regularity of plaintiff's lease, but claim that it is junior to their own. This question has frequently been determined by this court adversely to the contention of defendants. The leading case on the question is Hudson v. Hildt, 51 Okla. 359, 151 Pac. 1063, and its pertinent syllabus is as follows:

"A valid lease for agricultural purposes of a restricted Creek allotment may be made during the existence of a prior, valid lease, provided it is made for a fair rental, near the termination of the existing lease, and that it does not extend the term more than five years from the date of the last lease."

This case has been followed by this court many times in its different phases and with reference to the question here particularly in the following cases: Brown v. Van Pelt, 64 Okla. 109, 166 Pac. 102; Walker v. Holmes, 91 Okla. 64, 215 Pac. 1065; Hull v. Morris, 97 Okla. 246, 223 Pac. 361.

In the case of Mullen v. Carter, 68 Okla. 207, 173 Pac. 512, the court in the original opinion and by the syllabus apparently holds that a five year lease on surplus lands may be made to begin in future, if near the expiration of the lease, and facts are shown that it is necessary to regulate cultivation. This is the rule which this court has applied to one year leases on homestead allotments, but it has never been applied to five year allotments on the surplus, except in Whitham v. Lehmer, 22 Okla. 627, 98 Pac. 351, which case was overruled in effect in Hudson v. Hildt, supra, and specifically overruled in Brown et al. v. Van Pelt, supra. An examination of the supplemental opinion on rehearing in this case of Mullen v. Carter, supra, will show that this question was not in the case; that the lease in question expired within five years from its date. We reaffirm the position that the five year surplus leases are invalid if the period extends more than five years from date of execution. The different rule exists with reference to homestead leases for a very different and obvious reason. The leases being limited to one year, it might be impossible to cultivate the land were some latitude not permitted. It would not avail defendants in this case, however, for an attempt was made to show necessity for lease beginning in the future.

The defendants in this case claim that there was a mistake in the description, and because they were in possession plaintiff was chargeable with notice and did in fact have actual notice of their lease. Assuming the defendants' lease to be valid except for the description, where do they find themselves? This is an ejectment suit praying possession: they answer attempting to set up their erroneous lease as a legal defense. They pray judgment that plaintiff take nothing and for costs. It is true that plaintiff is chargeable with notice of legal or equitable rights by actual, open, notorious, and adverse possession, but the equitable defenses must be set up as equitable and not legal defenses. It would have been necessary for defendants to set up their lease, as they did, allege mu-

tual mistake, as they did, ask that their grantor be made a party, as they did not, and pray for a reformation of their lease, as they did not. Their lease could not constitute a defense unless the court should decree a reformation reforming it to give a true description. They could not secure a decree of reformation in a suit where their grantor was not a party.

In the case of Simon v. Hine, 78 Okla. 224, 190 Pac. 264, this court held in such a suit for reformation the grantor was a necessary party.

"Every person whose legal or equitable status, with reference to the real estate involved, would be materially changed by the judgment, was a necessary party to the suit."

If the court had made Willis Jackson a party, his testimony might have prevented a reformation; his interest and the extent thereof was not shown, and unless he was a party no decree of reformation could be had. Until a reformation was had no defense was presented by defendants' lease.

Under the conclusions herein reached with reference to the duration of the lease and the failure of a reformation thereof, it will be unnecessary to notice the other assignments. The case will be reversed and remanded for a new trial.

JOHNSON, C. J., and NICHOLSON, COCHRAN, and LYDICK, JJ., concur.