## ALLING et al. v. LYNCH et al.

No. 18019. Opinion Filed Sept. 11, 1928.

Rehearing Denied Jan. 12, 1929.

Harry O. Glasser, for plaintiffs in error.

Johnston & Paddock and Benjamin C. Conner, for defendants in error.

TEEHEE, C. The parties to this appeal appear here in the same relative positions as in the trial court.

The plaintiffs Annie M. Alling, D. S. Evans, J. C. Evans, Fred W. Evans, Andrew J. Evans, and D. L. Evans seek in the alternative a reformation or cancellation of a certain royalty contract executed by them to the defendant C. B. Lynch, whereof Lynch assigned certain fractional interests to his codefendants, Frank A. Baker, C. R. Covey, and Ira Rinehart. The contract

277

conveyed a one-half royalty interest in and to a certain 40-acre part of a certain 160-acre oil and gas lease, to which it was subject, and which lease the plaintiffs as owners of the leased premises theretofore had given to the Gypsy Oil Company. The lessee was originally a party defendant. The action against it, in due course, was dismissed by plaintiffs with prejudice. Other parties to whom plaintiffs conveyed certain royalty interests in and to the other 120 acres of the original lease were also originally joined as parties plaintiff, but whose interest in the litigation passed out with the dismissal of the Gypsy Oil Company therefrom.

The lease contained the following provision:

"If the leased premises are hereafter owned in severalty or in separate tracts, the premises nevertheless shall be developed and operated as an entirety, and royalties shall be paid to each separate owner in the proportion that the acreage owned by him bears to the entire leased acreage, and lessee shall not be bound by any change in the ownership of the leased acreage unless and until notified thereof in writing, and when such change is effected by will, deed or other written instrument, said notice shall be accompanied by such instrument or a duly authenticated copy thereof. This stipulation and all other stipulations, covenants, conditions, agreements, and terms of this instrument, shall extend to and be binding upon the heirs, executors, successors, assigns, and the legal representatives of the parties hereto."

The lease was a renewal of a prior lease which did not contain this provision hereinafter referred to as the pro rata clause.

The issues were joined under appropriate pleadings filed by the parties subsequent to dismissal of the action against the lessee, plaintiffs contending that the royalty contract with the defendant Lynch was entered into under a mutual mistake of fact as to the existence of the pro rata clause in the lease, and a mutual mistake of law as to the rights of the parties arising thereout, and that it was the intention of the parties to the royalty contract to only convey a royalty interest in and to the oil or gas produced from wells drilled on the 40-acre tract as described by metes and bounds in the contract. Defendants relied chiefly on the pro rata clause, and estoppel of plaintiffs by dismissal of the action against the Gypsy Oil Company with prejudice to assert a distribution of royalty in any other proportion than that prescribed by said pro rata clause of the lease.

Upon hearing without a jury, the court found for the defendants, and rendered judgment of dismissal of plaintiffs' petition with prejudice at their costs, basing its judgment on the case of Gypsy Oil Co. v. Schonwald, 107 Okla. 253, 231 Pac. 864, decided by this court subsequent to the filing of the original cause and prior to the framing of the issues presently involved under plaintiff's amended petition and answer thereto by defendants, and the action of plaintiffs in dismissing the suit against the Gypsy Oil Company with prejudice.

Plaintiffs predicate their complaint of the judgment on the grounds: That it is contrary to the law; that it is not sustained by sufficient evidence; and that the findings of fact on which it is based are contrary to the evidence, all of which points are by plaintiffs in their brief treated and presented together.

As we are obliged to deal with the cause under the record as we find it, we are unable to see wherein a useful purpose may be subserved by an extended discussion of the points urged upon us for a reversal of the judgment complained of, for we are confronted with the same difficulty encountered by the trial court even if it were here concluded that plaintiffs' contentions are fraught with merit. The difficulty arises out of the fact that plaintiffs rendered any favorable action ineffective, assuming they were so entitled, by reason of the dismissal of their action against the Gypsy Oil Company with prejudice, in whose contract is contained the head and front of the offending matter sought to be remedied, namely, the pro rata clause, which explicitly bound plaintiffs and all others in privity with them. In the Schonwald Case, the identical provision was found to be the stumbling block as here. There the royalty grantee of a part of the leased premises and his assignees sought to recover from the lessee and the lessor, the royalty grantor, all the royalty conveyed under the terms of the royalty contract on the oil produced from the portion of the lease covered by the royalty grant through a reformation thereof. In the case in hand, the reformation is sought for the purpose of effecting a distribution of the royalty pursuant to the alleged intention of the parties to the royalty contract, that is to say, in the ratio that the royalty moieties of the particular area of the original lease con-

veyed under the royalty contract bears to the royalty oil produced from such particular area only, with no interest of the defendants, the royalty grantees, in the royalty oil produced from other portions of the original lease without the metes and bounds particularized in the royalty contract, rather than a distribution in the proportion that the acreage covered by the royalty contract bears to the acreage of the original lease as provided for in the pro rata clause; or failing in this, for a cancellation of such royalty contract. In the Schonwald Case, relief was denied the plaintiffs on the ground that reformation of the royalty contract would be unavailing without removal of the restriction voluntarily imposed on the royalty grantor, under the pro rata clause of the lease, the owner of the realty itself, who was not there contending for such relief, it then being clearly pointed out that his being the original covenantor with the lessee as covenantee in respect to the pro rata clause, he, the lessor, was the only party who could maintain an action for relief from the binding force of the covenant upon him and those in privity with him.

In the circumstances of the case in hand, the lessee not being a party thereto, we think the Schonwald Case upon the question of a reformation of the royalty contract is controlling. Nor are the plaintiffs, under the record, in a position to urge a cancellation of the royalty contract, for their dismissal of their action against the lessee with prejudice must be regarded as an adoption of the lease in its entirety, and an election to recognize the binding force of the pro rata clause upon them, with acceptance of benefits presently or subsequently derived therefrom, which therefore must operate as an estoppel to challenge its binding force when relied upon, as here, by those in privity with them. This in principle is the recognized rule. Citizens State Bank of Millerton v. Beeson, 104 Okla. 293, 231 Pac. 844; Carlisle v. National Oil & Dev. Co., 108 Okla. 18, 234 Pac. 629.

Upon the whole case, therefore, we cannot say that the trial court committed error in the rendition of the judgment appealed from, for it is well settled that a court of equity will not enter a decree as to those before the court, which decree would necessarily affect the rights of others not parties to the litigation. Lynch v. U. S., 13 Okla. 142, 73 Pac. 1095; Simon v. Hine, 78 Okla. 224, 190 Pac. 264; Worrell v. Graves, 101 Okla. 246, 225 Pac. 361; Gypsy Oil Co. v. Schonwald, supra.

Accordingly, the judgment of the district court is affirmed.

LEACH, FOSTER, HERR, and JEFFREY, Commissioners, concur. REID, C., dissenting. BENNETT, C., not participating.

By the Court: It is so ordered