## CHESNUT v. THOMAS et al.

No. 19985.   Opinion Filed May 12, 1931.

Keller & Cameron, for plaintiff in error.

J. Woody Dixon, for defendants in error.

LESTER, C. J. This is an appeal from a judgment of the district court of Love county, Okla. The parties will be referred to as they appeared in the court below.

The plaintiff commenced this action by the filing of petition in the district court for possession of a certain leasehold estate and for damage for wrongful withholding same. The defendants filed an answer consisting of a general denial, setting up the further defense of a prior valid lease, under which the defendants were claiming and holding possession of the property described in plaintiff's petition. At the close of the trial the court discharged the jury and took the case under advisement, and thereafter rendered judgment for the defendants. From said judgment and ruling the plaintiff lodged his appeal in this court, assigning several specifications of error as follows:

"1. The court erred in discharging the jury and entering judgment in the case, to which action of the court the plaintiff excepted.

"2. That the judgment of the court is not sustained by the evidence.

"3. That the judgment of the court is contrary to law.

"4. Error of law occurring at the trial, and excepted to by the plaintiff.

"5. Error of the court in overruling motion of plaintiff for judgment."

The above assignments of error are grouped by the plaintiff in error and argued together, hence this court will consider same as presented therein. The facts necessary to a determination of the proposition may be briefly stated:

Defendants were in possession of the property under a lease executed November 15, 1921, beginning January 1, 1922, and expiring December 31, 1926. The defendants in the court below obtained a new lease to begin January 1, 1927, and ending December 31, 1932. The plaintiff took a lease January 4, 1927, for five years from date, expiring January 3, 1932. One question to be determined by this appeal is: Was the lease of the defendants executed July 1, 1926, a valid and binding lease? The next question raised by the defendants was that the year "1932" was a clerical error, and that this being true, the lease contract did not extend beyond the limitation fixed by the Act of Congress May 27, 1908.

We find from the record that it was stipulated by all parties that the real estate in question constituted the surplus allotment of Loman Wolf, a full-blood Chickasaw Indian, enrolled opposite roll No. 2272, whose restriction had not been removed. The Act of Congress of May 27, 1908, 35 Stat. 312, chapter 199, provides, in part:

"That all lands other than homestead allotted to members of the Five Civilized Tribes from which the restrictions have not been removed may be leased by the allottee if an adult, or by guardian or curator under the order of the proper probate court if a minor or incompetent, for a period not to exceed five years without the privilege of renewal."

It is apparent from the language employed in the Act of Congress, supra, that it was the intention of Congress to authorize the restricted Indian to rent or lease his surplus allotment for agricultural purposes for a period of five years. It cannot be leased for a longer period.

This court in the case of Worrell v. Graves, 101 Okla. 246, 225 Pac. 361, said:

"In the case of Mullen v. Carter, 68 Okla. 207, 173 Pac. 512, the court in the original opinion and by the syllabus apparently holds that a five-year lease on surplus lands may be made to begin in future, if near the expiration of the lease, and facts are shown that it is necessary to regulate cultivation. This is the rule which this court has applied to one-year leases on homestead allotments, but it has never been applied to five-year allotments on the surplus, except in

Whitham v. Lehmer, 22 Okla. 627, 98 Pac. 351, which case was overruled in effect in Hudson v. Hildt, supra, and specifically overruled in Brown et al. v. Van Pelt, supra. An examination of the supplemental opinion on rehearing in this case of Mullen v. Carter, supra, will show that this question was not in the case; that the lease in question expired within five years from its date. We reaffirm the position that the five-year surplus leases are invalid if the period extends more than five years from the date of execution. The different rule exists with reference to homestead leases for very different and obvious reason. The leases being limited to one year, it might be impossible to cultivate the land were some latitude not permitted. It would not avail defendants in this case, however, for no attempt was made to show necessity for lease beginning in the future."

The defendants claimed that the lease was erroneous as to its date of expiration on its face. Where it is claimed that an instrument is not correct upon which a party claims certain rights and the maker of the instrument is not made a party for the purpose of reformation, the question of reformation cannot be raised for the first time in this court.

In Worrell v. Graves, supra, it is stated in the second paragraph of the syllabus:

"A defense to an ejectment action, alleging the execution of a lease to the lands in question, with an erroneous description, in order to be available in suit for possession, must seek reformation of such instrument, and lessor is a necessary party to such suit."

This court in the case of Walker v. Holmes, 91 Okla. 64, 215 Pac. 1065, said:

"A lease executed on the 23rd day of July, 1917, by a full-blood Choctaw Indian, upon her surplus allotment, to commence on the 1st day of January, 1918, at the expiration of a valid existing lease and for a term of five years from the 1st day of January 1918, is void."

This court in the case of Hull v. Morris, 97 Okla. 246, 223 Pac. 361, stated:

"A lease contract, executed by a restricted Choctaw Indian, September 25, 1916, on his restricted surplus allotment for term of five years, commencing January 1, 1917, and ending December 31, 1921, whether overlapping or not, whether in course of agriculture or not, whether lessee is in possession or not, is void, being in conflict with the Act of Congress of May 27, 1908."

We hold the above cases are decisive of the question herein involved, and judgment of the district court is, therefore, reversed, with directions to enter judgment in favor of the plaintiff in error.

It further appears by the records of this

court that the defendant in error, E. F. Thomas, died on the 10th day of February, and on motion of the plaintiff in error this cause was revived in the name of Mabel Thomas, administratrix of the estate of the said E. F. Thomas, deceased.

CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY and HEFNER, JJ., absent.