2008 OK CIV APP 91

**AMERICAN ASSOCIATES, INC., an Oklahoma corporation, Plaintiff/Appellee,**

v.

**Vern QUIMBY, Orpha Quimby and Brent L. Hajek, Defendants/Appellants.**

No. 105,385.

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 18, 2008.

Elise D. Hayes, John H. Wynne, Traynor, Long, & Wynne, P.C., Enid, OK, for Plaintiff/Appellee.

Eric N. Edwards, Enid, OK, for Defendants/Appellants.

Opinion by BAY MITCHELL, Vice–Chief Judge.

¶1 Defendants Vern Quimby,[1] Orpha Quimby and Brent L. Hajek appeal from an order granting summary judgment in favor of Plaintiff American Associates, Inc. (Creditor), which set aside the judgment in a prior state court action[2] for the purpose of permitting Plaintiff to be added as a necessary party to that action pursuant to 12 O.S.2001 § 2019.

### I. Timeline of Relevant Facts and Litigation History

¶2 Vern Quimby owned a parcel of real property located in Major County since 1976.[3] In December 1991, Creditor[4] obtained a judgment against Defendant Vern Quimby, which was filed in Alfalfa County.[5] The record reflects Creditor filed requisite executions and notice of renewal of judgment to maintain the validity of the judgment. In November 2002, Defendants Vern and Orpha Quimby conveyed their property to Defendant Hajek by quitclaim deed. On April 23, 2004, Creditor issued a writ of execution to enforce its lien on the property (along with alias notice of sale of lands under execution). The alias notice was mailed to Vern and Orpha Quimby on July 27, 2004, providing notice that a sheriff's sale was scheduled to take place on August 10, 2004, in Major County. Three days after mailing of the notice to the Quimbys concerning the impending sheriff's sale of the property, on July 30, 2004, Defendants Vern and Orpha Quimby filed a petition to cancel deed in the District Court of Major County concerning the November 2002 property conveyance to Hajek. Creditor was neither named as a party to that action, nor given any notice of its filing. On July 30, 2004 (the same date of filing of the petition to cancel the deed), an agreed journal entry was filed, which cancelled the November 2002 quitclaim conveyance from the Quimbys to Hajek on the basis of mutual mistake and characterized the property as the Quimbys' homestead.

¶3 A few days later on August 6, 2004, the Quimbys filed bankruptcy, wherein they claimed the property as their homestead (and therefore, claimed its exemption in bankruptcy) and filed a motion to avoid Creditor's judgment lien. Creditor objected to the Quimbys' claim of exemption in the bankruptcy action on the basis that the previously filed state court order cancelling the deed (and homestead declaration) was a sham and that the property was still, in effect, owned by Defendant Hajek and was not the Quimbys' homestead.

¶4 In its order filed in January 2005, the bankruptcy court concluded it lacked jurisdiction to reconsider the prior state court's homestead determination and thus, left the homestead determination undisturbed. Creditor raised no objection to the Quimbys' motion to avoid the lien and the bankruptcy court, deeming the motion confessed, granted the motion. On February 4, 2005, Creditor filed a motion to modify the automatic stay in bankruptcy. By order of May 25, 2005, the

---

1. Vern Quimby died in August 2005.

2. The prior state court civil action styled Vern Quimby and Orpha Quimby, husband and wife, v. Brent L. Hajek, an Individual, was filed in the District Court of Major County, number CV–2004–69.

3. Vern and Orpha Quimby owned an additional tract of land in Major County, which they purchased in April 1997. The Quimbys describe the two parcels as "actually one single tract of land."

4. American Heritage, Inc. obtained the judgment, which was thereafter assigned to American Associates, Inc., in 1995.

5. The record includes the journal entry of judgment filed in Alfalfa County on December 10, 1991, which awarded a judgment against defendant Vern Quimby in the amount of $42,196.26, with interest at 14% from April 1, 1990, until paid.

bankruptcy court determined that the automatic stay was lifted and that "[t]he parties are free to return to state court to determine any outstanding issues." Creditor subsequently filed this action in June 2005, with the filing of its Petition to Vacate Judgment and Quiet Title.[6]

## II. Analysis

¶5 Both Creditor and Defendants claim they are entitled to judgment as a matter of law. Initially, Defendants filed a Motion to Dismiss Plaintiff's Petition, claiming Plaintiff's claims are barred by *res judicata* and federal bankruptcy code provisions prohibiting collection of a discharged judgment and/or enforcement of a lien avoided in bankruptcy. Creditor filed its Objection to Defendants' Motion to Dismiss, arguing the violation of procedural due process in that Creditor received no notice of the prior Major County action concerning the cancellation of the deed. Creditor additionally objected on the basis that the state court had not yet determined whether the order cancelling the deed is valid and enforceable as against Creditor's interest in the property. The trial court denied Defendants' Motion to Dismiss.

¶6 Creditor thereafter filed a Motion for Summary Judgment,[7] arguing that it had a valid, enforceable judgment lien attached to Quimbys' property at the time of the quitclaim conveyance to Hajek. Additionally, Creditor contends that at the time of the conveyance, the Quimbys relinquished their homestead interest in the property and Creditor's lien was enforceable against the property by forced sale. Creditor notes the

Quimbys filed their action to cancel the quitclaim deed with notice of the impending sheriff's sale of the property subject to Creditor's lien. Creditor strenuously argues the violation of due process in the Quimbys' failure to name Creditor in that action, which it alleges was filed in attempt to avoid the Creditor's enforcement of its valid judgment lien.

¶7 Creditor cites 12 O.S. § 2019(A)[8] in support of its assertion that it was a necessary and indispensable party to the state court action to cancel the deed, since that action materially changed Creditor's position (with regard to its ability to enforce its lienholder rights) by the change in ownership of the property and alleged change in status from non-homestead property to homestead property. The Quimbys maintain they have always lived on the property, regardless of the quitclaim conveyance in 2002, and therefore, at all times the property has been their homestead. Further, Defendants argue the judgment lien was discharged and avoided in bankruptcy, and that Creditor has no right to a new determination in state court as to the homestead character of the property.

¶8 Appellate courts review an award of summary judgment *de novo*, giving no deference to the trial court. *Lowery v. Echostar Satellite Corp.*, 2007 OK 38, ¶11, 160 P.3d 959, 963. Summary judgment is only appropriate when there is no substantial controversy as to any material fact, and the moving party is entitled to judgment as a matter of law. *Id.*, ¶11, 160 P.3d at 963–64. The reviewing court must view all inferences and conclusions that can be drawn from the facts in the light most favorable to the party op-

---

6. Additionally, Creditor filed a petition to intervene and vacate judgment on November 8, 2006, in CV–2004–69. The record does not include a disposition, if any, as to that petition.

7. Creditor withdrew its initial Motion for Summary Judgment and thereafter filed its Second Motion for Summary Judgment, which the trial court ultimately granted.

8. 12 O.S.2001 § 2019(A.) provides as follows:
    A. PERSONS TO BE JOINED IF FEASIBLE. A person who is subject to service of process shall be joined as a party in the action if:
    1. In his absence complete relief cannot be accorded among those already parties; or

2. He claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:
    a. as a practical matter, impair or impede his ability to protect that interest, or
    b. leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant or, in a proper case, an involuntary plaintiff.

posing the motion. *Rose v. Sapulpa Rural Water Co.,* 1981 OK 85, ¶ 2, 631 P.2d 752, 754. We will reverse summary judgment if reasonable people could reach different conclusions from the undisputed material facts. *Lowery,* 2007 OK 38, ¶ 11, 160 P.3d at 963–64.

¶ 9 Although the facts and litigation history here are somewhat complicated, the Creditor's summary judgment motion and the trial court's determination thereon is relatively simple. The primary issue is whether Creditor was a necessary party to the initial action in the District Court of Major County, number CV–2004–69, wherein there was an agreed order entered cancelling the 2002 quitclaim deed of the property from the Quimby Defendants to Defendant Hajek, and determining the property's homestead status.

¶ 10 It is a longstanding rule that "[i]n an action for the cancellation of deeds and to remove cloud on title to real estate, every person whose legal or equitable status with reference to the real estate involved will be materially changed by the judgment is a necessary party to the suit." *Simon v. Hine,* 1920 OK 208, ¶ 0, 190 P. 264, 264 (Syllabus by the Court). The record is clear that the Creditor had a valid judgment lien, which was filed of record [9] prior to the 2002 conveyance of the property and that the Quimbys were given notice in 2004 of the impending sheriff's sale of the property pursuant to Creditor's judgment lien. Despite the fact notice had been given to the Quimbys that Creditor sought to enforce its rights as a lienholder against the property, the Quimbys immediately thereafter filed suit to cancel the deed without notice to Creditor. The cancellation of the deed to Hajek included a determination of homestead, which benefitted the Quimbys for purposes of protection from

the imminent sheriff's sale and ultimately, to gain an exemption in future bankruptcy proceedings. In contrast, the absence of Creditor in those proceedings was to the detriment of Creditor and resulted in the loss of its ability to enforce its judgment lien against the property. Because Creditor was not afforded notice of the action to cancel the deed, it was deprived of the opportunity to challenge the cancellation of the deed and/or otherwise protect its own legal rights as a judgment lienholder. The record supports a finding that at the time the Quimbys filed their petition to cancel the quitclaim deed in the state court, Creditor had an interest in the property, which was materially affected by the outcome of that proceeding and therefore, Creditor was a necessary party and should have been made a party to that action pursuant to 12 O.S. § 2019. The trial court correctly reached this determination below, and set aside the judgment in CV–2004–69 to permit the addition of Creditor as a necessary party to that action.[10]

¶ 11 While the bankruptcy court was prohibited, on the basis of jurisdiction, from addressing Creditor's challenges stemming from the prior state court action in cancelling the deed without notice to Creditor, the bankruptcy court entered an order lifting the stay and expressly deferred those issues to the state court to address. While Defendants contend the bankruptcy court's determinations concerning lien avoidance and discharge somehow deprive the state court of jurisdiction over the matter, we do not agree. It is clearly within our jurisdictional authority to consider the state law issues presented here. We also recognize our jurisdiction does not extend to review of the bankruptcy court's determinations concerning lien avoidance and discharge. Defendants' suggestion that our review of the outstanding state law

**9.** As noted in the trial court's order granting Creditor's Motion for Summary Judgment, Creditor's "interest appeared of record and the Defendants, (all parties in CV–2004–69) had notice, either actual or constructive of the lien rights of Plaintiff American Associates, Inc." Defendants' argument that they had no notice of Creditor's rights as a judgment lienholder prior to filing of the petition to cancel deed is without merit. Not only was the 1991 judgment giving rise to the lien filed of record (along with subsequent notice of renewal of judgment), but the record reflects

that all Defendants were given notice concerning the impending sheriff's sale in order to satisfy the judgment in favor of Creditor.

**10.** The trial court also noted in its Order granting Plaintiff's Motion for Summary Judgment, that the Defendants will not be precluded from asserting their contentions regarding mutual mistake along with other issues previously raised in their petition to cancel the deed.

issues is somehow improper is bewildering in light of the bankruptcy court's express pronouncement that "[t]he parties are free to return to state court to determine any outstanding issues." Clearly, Creditor's challenges to the deed cancellation as it affects its rights constitute at least some of the outstanding issues, which require state court determination. Thus, the trial court was within its power to address the issues as it did and on the record presented below summary judgment in favor of Creditor was appropriate.

¶12 AFFIRMED.

BUETTNER, P.J., and BELL, J., concur.