**CARDEN et al. v. HUMBLE.**

No. 8541.—Opinion Filed April 8, 1919.

Rehearing Denied Oct. 14, 1919.

(Syllabus by the Court.)

**1. Appeal and Error—Verdict—Evidence.**

In an action for the recovery of money and for specific real property, the same is triable by a jury, and when such a case is tried to a jury, and there is evidence reasonably tending to support the verdict of the jury and the judgment of the trial court, the judgment of the lower court will not be disturbed.

**2. Trial—Instruction—Covered in Charge.**

It is not error to refuse to give a requested instruction that correctly states the law, if substantially the same instruction is embodied in the charge of the court to the jury, and the charge as a whole correctly states the law applicable to the facts in the case.

**3. Indians—Oral Lease of Land While Lease Pending—Validity.**

An oral agricultural lease upon the lands of a full-blood Cherokee may be made during the existence of a valid and unexpired lease, for the ensuing year, but only for a fair rental, and near the expiration of a valid lease, that the tenant may know what he has to depend on for the ensuing year, but in no case can the oral lease be for more than one year.

**4. Appeal and Error—Harmless Error—Rulings on Evidence.**

The improper admission or rejection of evidence, if not prejudicial to the party complaining, is not grounds for reversal.

**5. Sufficiency of Evidence.**

Evidence in the case at bar examined, and held sufficient to sustain the judgment of the trial court.

Error from District Court, Craig County; Preston S. Davis, Judge.

Suit for injunction by John D. Humble against Frank Carden, William Pace, and Pearl Smith, with cross-petition by defendants, and suit by William Pace against John D. Humble. Cases consolidated for trial and judgment for plaintiff Humble against Pace, Carden, and Smith, and they bring error. Affirmed.

W. T. Rye and W. H. Kornegay, for plaintiffs in error.

Seymour Riddle and Albert D. Bennett, for defendant in error.

McNEILL, J. John D. Humble filed suit in the district court of Craig county asking for an injunction against Frank Carden, William Pace, and Pearl Smith, to enjoin said defendants from trespassing on certain lands and for damages. The defendants below asked possession of said premises and filed a cross-petition, this being in case No. 1860. William Pace filed suit against the plaintiff, being case No. 1893, and asked for damages against John D. Humble in the sum of $3,000, for trespassing on this same land. John D. Humble claimed possession of said land by reason of an oral lease, and Pace and others claimed possession of said land by reason of a written lease. The cases were consolidated and tried to a jury, and the jury found in favor of Humble and against Pace and others, and fixed the damages in the sum of $100.

The first assignment of error is that the court erred in overruling the motion for new trial, and states:

"This being a nonjury case, the appellate court will review and weigh the evidence, and, if the weight of evidence is against the judgment of the lower court, the appellate court will reverse the judgment."

Section 4993 of the Revised Laws of 1910 is as follows:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

This was a suit for the recovery of money and the possession of specific real property and was strictly a jury case. The law governing the weight given to the finding of the jury has been laid down by this court as follows:

"Where there is evidence reasonably tending to support the verdict of the jury or the judgment of the trial court, the judgment of the lower court will not be disturbed." Frazier Brick Co. v. Herber (Ardmore Nat. Bank, Garnishee), 62 Oklahoma, 162 Pac. 205; Berryhill v. Thrailkill, 61 Oklahoma, 160 Pac. 874; Kapp v. Levyson, 58 Oklahoma, 651, 160 Pac. 457; Eoff v. Alexander, 62 Oklahoma, 161 Pac. 807; First Nat. Bank of Checotah v. Lewis, 61 Oklahoma, 161 Pac. 175.

The evidence was conflicting; the contention of defendant in error, Humble, being that he had been renting said land by verbal agreement for four or five years prior to the institution of this suit for a year at a time, and that in October, 1914, he again rented the land for the year 1915. This was denied, and the plaintiff in error claimed possession by virtue of a written lease, which had been approved by the Department of the Interior. The case was tried on a question of fact, and the evidence being conflicting, the jury made its findings upon said issue of fact, and the verdict having been approved by the trial

court, this court will not disturb the same on appeal if there is any evidence reasonably tending to support said verdict. From an examination of the record, there was sufficient evidence to support the findings of the jury.

The plaintiffs in error complained that the court refused to give instructions Nos. 2, 3, 4, and 5 offered on behalf of plaintiffs in error. Instruction No. 2 offered by said plaintiffs in error was incorporated in instruction No. 7, given. Instruction No. 4, requested by the plaintiffs in error, we do not think correctly stated the law, but the portion of the same that correctly stated the law was incorporated in instructions Nos. 3 and 6, given. Instruction No. 3, being a peremptory instruction, was properly refused by the court. Instruction No. 5 was on the question of damages. The court submitted the measure of damages that each party would be entitled to in instruction No. 5 given by the court. This was not excepted to by plaintiffs in error, and, the jury having found that Humble was rightfully in possession of the premises, the measure of damages the plaintiffs in error would be entitled to would not be material, as the jury found they were not entitled to possession.

The court has laid down the following rule as to instructions:

"It is not error to refuse to give an instruction that correctly states the law, if substantially the same instruction is embodied in the charge of the court to the jury, and the charge, taken as a whole, correctly states the law." St. Louis & S. F. R. Co. v. Walker, 31 Okla. 494, 122 Pac. 492.

The next assignment of error was: The court permitted, over the objection of the plaintiffs in error, the following questions and answers:

"Q. Did you consult any attorney in the statement of facts of your lease? A. Yes.

"Q. Who did you see? A. Mr. Thompson.

"Q. What did you do after you consulted your attorney, Mr. Thompson? A. I went back and went to work."

These questions were objected to by plaintiffs in error and objections overruled. No evidence was introduced as to what instructions Mr. Thompson gave to the defendant in error, Humble, and we are unable to see in what way the same was prejudicial or could in any way influence the jury.

This court has held:

"The improper admission or rejection of evidence, if not prejudicial to the party complaining, is not ground for reversal." City of Anadarko v. Argo, 35 Okla. 115, 128 Pac. 500.

The next question presented is that of ex-

cessive damages. There was no complaint made as to the instruction given by the court as to the measure of damages. This controversy arose over the possession of some 500 acres of land. While it is true defendant in error was in possession of the same, still we are unable to say from the evidence that the judgment for $100 would be excessive.

The next question presented by plaintiffs in error deals with the question of full-blood Cherokees leasing the land which included their homestead without the consent of the Secretary of the Interior, for a period of one year. Counsel in his brief, after citing section 19 of the Act of April 26, 1906, c. 1876, 34 Stat. 144, and the Act of May 27, 1908, c. 199, 35 Stat. 312, states as follows:

"It is probable that Congress intended to confer the power on a full-blood to lease his homestead for one year, but the act does not so provide, unless the Secretary of the Interior approves. The prohibition is against alienation of the homestead at all. With the approval of the Secretary of the Interior, a lease could be made for more than a year, making the inference that without the approval it could be made for one year and no more."

The courts have adopted or practically adopted the rule that a full-blood may lease the homestead for a period of one year by verbal lease, as stated in the case of U. S. v. Noble, 237 U. S. 74, 35 Sup. Ct. 532, 59 L. Ed. 844. Then the same rule and reason would apply to a lease to begin in the future that would apply to a written lease for five years to begin in the future. This court has laid down the following rule in the case of Hudson v. Hildt:

"A valid lease for agricultural purposes of a restricted Creek allotment may be made during the existence of a prior, valid lease, provided it is made for a fair rental, near the termination of the existing lease, and it does not extend the term more than five years from the date of the last lease." Hudson v. Hildt, 51 Okla. 359, 151 Pac. 1063; Brown v. Van Pelt, 64 Oklahoma, 166 Pac. 102.

Under the reasoning of the above-entitled cases, an oral lease made in September or October, 1914, for a fair consideration, beginning January 1, 1915, for the year 1915, is valid, although there was a valid lease on said land, which did not expire until December 31, 1914.

We see no material error in the record or in the assignment of errors pointed out by the plaintiffs in error.

The judgment of the trial court is therefore affirmed.

All the Justices concur.