## TAYLOR et al. v. CALLAHAN.

No. 10151—Opinion Filed May 24, 1921.

(Syllabus.)

1. **Indians—Leases of Minors' Inherited Land—Authority of County Court.**

Section 6 of the act of May 27, 1908, conferred upon the county courts of this state jurisdiction over the persons and property of minor allottees of the Five Civilized Tribes, and the guardians of two such minors appointed by the county court, had authority to lease for agricultural purposes the

homestead allotment of the mother inherited by said minors, said minors being born since March 4, 1906, and the county court had authority to approve the agricultural lease for one year executed by the guardian.

**2. Same — Lease by Guardian —Validity.**

A lease made by a guardian of Creek minors of their inherited lands in July, 1917, for agricultural purposes for the year 1918, and approved by the county court, is not void as an overlapping lease, when it is not disclosed that the land had been leased for 1917, and nothing in the record to disclose that the lease executed in July, 1917, was not executed at the usual and customary time for leasing lands for agricultural purposes in that vicinity for the year 1918.

**3. Same — Action by Lessee for Possession —Sufficiency of Petition.**

Petition examined and held to state facts sufficient to state a cause of action in favor of plaintiff, and it was not error to overrule a general demurrer thereto.

Error from Superior Court, Okfuskee County; John L. Norman, Judge.

Action by Sam Callahan against L. C. Taylor and Thomas Bass for possession of land. Judgment for plaintiff, and defendants bring error. Affirmed.

Rowe & Phillips, for plaintiffs in error.

Huddleston & Stephenson, for defendant in error.

McNEILL, J. This action was commenced in the superior court of Okfuskee county by Sam Callahan to recover possession of certain lands occupied by L. C. Taylor and Thomas Bass. The petition alleged the land was duly allotted to Judy Scott, a full-blood Creek Indian, as her homestead. That in April, 1917, Judy Scott died and left two minor children, Thomas Washington, age one year, and George Washington, age three years, who inherited said land. That John Artussie, the duly appointed and acting guardian of said minors, on the 10th day of July, 1917, for a valuable consideration made, executed, and delivered to plaintiff an agricultural lease upon said land for the year 1918, and the lease was presented to the county court of McIntosh county, where the guardianship proceedings were pending, and on the 13th day of July, 1917, the county court made an order approving said lease. Plaintiff alleges that by virtue of said lease contract he was entitled to possession of said lands from the 1st day of January, 1918, to the 31st day of December, 1918, and defendants were unlawfully withholding possession thereof. A copy of the lease and the order of the county court approving said lease were attached to and made a part of the petition. To this petition, the defendants filed a demurrer upon the ground the petition did not state facts sufficient to state a cause of action in favor of the plaintiff and against the defendants. The demurrer was overruled by the court, and the defendants excepted to the ruling of the court and elected to stand upon their demurrer, and refused to plead further, and the court rendered judgment for plaintiff. From said judgment, the defendants have appealed to this court.

The only question for consideration upon appeal is whether the court erred in overruling the demurrer. Plaintiffs in error state this is an overlapping lease and void for the reasons stated in the case of Brown v. Van Pelt, 64 Okla. 109, 166 Pac. 102; it being their contention that, the original allottee being a full-blood Creek Indian and the land being her homestead, she could not in July, 1917, lease the land for agricultural purposes for the year 1918, and the same restrictions are now upon the land inherited by the minor children born since March 4, 1906. This position is not well taken. If we concede, which we do not, that the same restrictions are upon the homestead inherited by the minors, plaintiffs in error's position is still untenable, for this court held the original allottee might lease the homestead in the case of Mullen v. Carter, 68 Oklahoma, 173 Pac. 512; the tenth paragraph of the syllabus reading as follows:

"Under act May 27, 1908, restricted homestead allotments may be leased for the ensuing crop year during existence of unexpired lease, the new lease to begin at the expiration of the existing lease, if made near the termination of the existing lease, and if necessary in the course of cultivation."

Plaintiffs in error attempt to assume that Brown v. Van Pelt, supra, holds that a lease entered into in July for the ensuing year would be an overlapping and void; but the court made no such holding, and stated as follows:

"It seems to us that the time of making the lease during the existence of a prior valid lease would depend upon many circumstances, and it would be hard to make a rule applicable to all cases. In those sections of this state where wheat is the principal crop it would be important to make arrangements for the succeeding crop year much sooner than in those sections of the state where cotton and corn are the principal crops."

There is nothing in the petition to disclose that the lease was not made at the usual and customary time in that vicinity to contract for leases for the ensuing year. Section 6 of the act of May 27, 1908, provided that the county court should have jurisdiction over the persons and property of the minor allottees of the Five Civilized Tribes. Therefore the court would have authority in proper proceedings to approve the agricultural leases for one year on the homestead of deceased allottee inherited by the minors born since March 4, 1906.

The petition stated a cause of action, and it was not error for the court to overrule a demurrer thereto.

The judgment of the court is therefore affirmed.

HARRISON, C. J., and PITCHFORD, MILLER, and NICHOLSON, JJ., concur.