## WALKER et al. v. HOLMES.

No. 11497—Opinion Filed June 5, 1923.

1. **Indians — Agricultural Leases on Restricted Lands—Validity.**

Under the act of Congress of May 27, 1908, restricted allotments of Choctaw Indians of the full blood may be leased for the ensuing crop year during the existence of an unexpired valid lease, provided, the new lease is made at a time near the expiration of the existing lease, and when necessary to control the course of cultivation to be pursued for the ensuing year, and in such a case where the new lease is made to begin in the future and at the expiration of an existing lease, the question as to whether or not such new lease was made at a time reasonably near the termination of the existing lease and when necessary to control the course of cultivation for the ensuing year, is a question of fact to be determined by the court or jury.

2. **Trial—General Finding—Effect.**

Where a case is tried to the court without a jury, and the court makes no special findings of fact, a general finding in favor of plaintiff includes a finding of every fact necessary to support the judgment.

3. **Indians—Agricultural Lease of Restricted Land—Validity.**

A lease executed on the 23rd day of July, 1917, by a full-blood Choctaw Indian, upon her surplus allotment, to commence on the first day of January, 1918, at the expiration of a valid existing lease, and for a term of five years from the first day of January, 1918, is void.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Grady County; Will Linn, Judge.

Action in ejectment by A. A. Holmes against Will Walker and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Barefoot & Carmichael, for plaintiffs in error.

Bond, Melton & Melton, for defendant in error.

Opinion by DICKSON, C. This is a suit in ejectment, and for damages for withholding the possession of lands, commenced in the district court of Grady county, on the 7th day of March, 1918, by the defendant in error, and involves conflicting agricultural leases on the homestead and surplus allotments of Sincie John, nee Ischomer, an adult Choctaw Indian of the full blood.

The essential facts are as follows: The land embraced in both these allotments, during all of the year 1917, were in the possession of one William Gilworth, under valid leases which terminated on December 30, 1917. On July 23, 1917, the allottee executed to the plaintiff in error J. C. Jones a lease on both her homestead and surplus allotments. for the term of one year upon the homestead allotment, and for the term of five years upon the surplus allotment, said terms of one and five years respectively to commence on the first day of January, 1918. This lease was duly recorded on the 28th day of July, 1917. On October 10, 1917, the said allottee executed to defendant in error, plaintiff below, a lease on her homestead allotment for the term of one year from that date, and a lease on her surplus allotment for the term of five years from the date thereof. These leases were properly recorded on November 1, 1917. The only interest claimed by plaintiff in error Will Walker was as tenant of said J. C. Jones.

The case was tried on November 25, 1919, by the court, a jury being waived by the parties, and the court found in favor of the defendant in error; that the lease executed by the allottee on her homestead allotment. covering a period from the 10th day of October, 1917, to the 9th day of October, 1918, and the lease executed by the allottee on the 10th day of October, 1917, and terminating October the 9th. 1922, on her surplus allotment were valid leases; and that the lease entered into between the said allottee and the plaintiff in error J. C. Jones was invalid; and accordingly rendered judgment in favor of the defendant in error for the rental value of the homestead allotment for the period of the lease between the allottee and the defendant in error. and as to the surplus allotment gave judgment for the defendant in error for the rental value thereof for the year 1918, and the possession of the lands embraced in said allotment.

The errors assigned and relied on for a reversal are substantially as follows:

(1) That the court erred in holding that the lease of plaintiff in error was invalid upon the homestead allotment for the year 1918, * * *

(2) That the court erred in holding that the lease of plaintiff in error entered into on the 23rd day of July, 1917, was invalid.

(3) That the court erred in holding the leases entered into by defendant in error on the 10th day of October, 1917, were valid leases.

The plaintiff in error insists that his lease of July 23, 1917, for the term of one year, beginning January 1, 1918, upon the homestead allotment, is a valid lease, notwithstanding it was to commence in the future, and run for the full term of one year, and cites in support of this contention, Mullen v. Carter, 68 Okla. 207, 173 Pac. 512, and Taylor v. Callahan, 82 Okla. 67, 198 Pac. 487. In Mullen v. Carter the court says:

"Under Act of May 27, 1908, restricted homestead allotments may be leased for the ensuing crop year during existence of unexpired lease, the new lease to begin at the expiration of the existing lease, if made near the termination of the existing lease, and if necessary in the course of cultivation."

The lease on the homestead was not necessarily void by reason of being executed on July 23rd, while there was a valid outstanding lease in existence, if the circumstances were such that it was necessary to make the lease for the ensuing rental year at that date, in order to regulate the course of cultivation for the ensuing year. See Brown v. Van Pelt, 64 Okla. 109, 166 Pac. 102; United States v. Noble, 237 U. S. 74, 35 Sup. Ct. 532, 59 L. Ed. 844; Hudson v. Hildt, 51 Okla. 359, 151 Pac. 1063.

On the trial of the case, however, there was a conflict in the evidence upon this point, and the trial court having found that the lease executed on July 23, 1917, was invalid, such finding, being reasonably supported by the evidence, will not be disturbed in this court, and it will be presumed that such finding included every fact necessary to support the judgment, and that the trial court found from the evidence that it was unnecessary to take the lease on July 23, 1917, in order to control the course of cultivation for the ensuing year. And in finding that the lease taken by the defendant in error on October 1, 1917, was valid, the court necessarily found every necessary fact to support its judgment; that is, that it was necessary to take the lease as early as October, 1917, in order to control the course of cultivation for the ensuing year. Shawnee Life Insurance Company v. Watkins, 53

Okla. 189, 156 Pac. 181; Devitt et al. v. City of El Reno et al., 28 Okla. 315, 114 Pac. 253.

This lease between the plaintiff in error J. C. Jones and the allottee was void as to the surplus allotment for the reason that under the act of Congress of May 27, 1908, leases of these allotments for a period of over five years are expressly prohibited where there is an existing lease upon such allotment, and a new lease is made, as in this case, to commence in the future and at the expiration of the prior lease. Hudson v. Hildt, 51 Okla. 359, 151 Pac. 1063; Mullen v. Carter, 68 Okla. 207, 173 Pac. 512.

We examined the entire record, and find no substantial error, and therefore recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.