## SIMPSON v. HICKS et al.

No. 11632—Opinion Filed July 3, 1923.

(Syllabus.)

1. **Indians—Validity of Agricultural Lease on Restricted Surplus With Unexpired Valid Lease.**

A valid lease for agricultural purposes of the restricted surplus allotment of a Choctaw Indian may be made during the existence of a prior valid lease, provided it is executed for a fair rental, near the termination of the existing lease, and that the term for which such new lease is to run, coupled with the unexpired term of the existing valid lease, does not exceed the period of five years provided by the statute.

2. **Same.**

A lease executed July 25, 1918, by a full-blood Choctaw citizen, covering his restrict-

ed surplus allotment of land, to run for a period of four years from January 1, 1919, where the record fails to disclose the execution of the lease was necessary, at that time in order to regulate the course of cultivation of said land to be pursued the subsequent year, is void, as being in violation of the provisions of the act of Congress of May 27, 1908, entitled, "An Act for the removal of restrictions from part of the lands of citizens of the Five Civilized Tribes, and for other purposes."

3. **Appeal and Error—Failure of Defendant in Error to File Brief—Review.**

Ordinarily where the defendant in error has failed to file a brief, and the brief of plaintiff in error reasonably sustains his assignments of error, this court will not search the record to find some theory on which the judgment of the trial court in favor of the defendant in error may be sustained. But where the assignments of the plaintiff in error are that the findings and judgment are not supported by the evidence, and no exceptions are saved to findings of fact and conclusions of law requested of and made by the trial court, this court will not reverse the judgment of the district court, but will affirm the same.

Error from District Court, Pontotoc County; Charles T. Barney, Special Judge.

Action by Hugh Simpson against George W. Hicks and others in ejectment. Judgment for defendants, and plaintiff brings error. Affirmed.

C. F. Green, for plaintiff in error.

E. S. Kerr, for defendants in error.

BRANSON, J. This appeal is prosecuted to reverse the judgment of the district court of Pontotoc county, rendered in favor of the defendant against the plaintiff. The plaintiff in the trial court was Hugh Simpson, who is plaintiff in error; the defendants in the trial court were George H. Hicks and others, who are the defendants in error.

The action was in ejectment, the plaintiff claiming to be entitled to the possession of certain lands, the restricted surplus allotment of one Thomas Graham, a full-blood Choctaw Indian, to whom the land had been allotted and patented under the allotment acts. The suit was tried to a special judge agreed upon by the parties, and a jury was waived.

The plaintiff pleaded he was entitled to possession by reason of an agricultural lease dated July 25, 1918, executed by the allottee, to run according to its express terms from January 1, 1919, for a period of four years. The defendants, Hicks and others, disputed the right of the plaintiff to recover

and set up that at the time of the execution of the lease in question, defendants were in possession of the premises under an agricultural lease executed by the said allottee on the 18th day of January, 1914, to run for a period of five years, up to January 1, 1919, and that on December 26, 1918, the allottee had executed to the defendant Hicks another agricultural lease to run from January 1. 1919, for a period of five years.

The other defendants claim through defendant Hicks, and they will not be referred to.

The question of the validity of the said lease dated December 26, 1918, pleaded by the defendant Hicks, it is unnecessary to decide, as this action is in ejectment, and the plaintiff must recover, if at all, upon the strength of his own title, not upon the weakness of his adversary. The defendant in error Hicks has filed no brief in this cause, and, ordinarily, this court will not search the record to ascertain if there is some theory upon which the judgment of the trial court may be affirmed, where the assignments of error of the plaintiff are reasonably sustained. But on reading the brief of the plaintiff in error and the cases cited by him, and findings and conclusions in the record, we do not feel that the court would be warranted, even in the absence of a brief on the part of the defendant, in reversing this cause.

Without going into an extended discussion of the provisions of the act of Congress touching the leasing of restricted lands by Choctaws and Chickasaws for agricultural purposes, and without going into the cases or discussing the reasons assigned, it is sufficient to say that we feel that the rule announced in the case of Brown et al. v. Van Pelt, 64 Okla. 109, 166 Pac. 102, to the effect that a valid lease for agricultural purposes of restricted surplus allotments may be made during the existence of a prior valid lease, provided it is made for a fair rental and near the termination of the existing lease, where the new lease does not extend for a period of more than five years, considering the unexpired time of the old lease, settles the controversy here, in accordance with the judgment of the trial court.

Another question which is readily disclosed by the record is that a request was made of the trial court to make separate findings of facts and conclusions of law under section 5017, Rev. Laws 1910. In accordance therewith, the trial court made and signed separate findings of fact and conclusions of law, in all respects in compliance

with said section of the statute. No exceptions were taken or saved thereto. The assignments of error are, in brief, that the findings and judgment of the court are not supported by the evidence, and are contrary to both the law and the evidence. Having saved no exceptions to the findings of facts and conclusions of law of the trial court, these assignments cannot be considered. Bryan v. Okmulgee Co., 71 Oklahoma, 176 Pac. 226.

It follows, therefore, that the judgment of the trial court should be affirmed.

JOHNSON, C. J., and KENNAMER, HARRISON, and MASON, JJ., concur.