### YATES et al. v. JONES.

No. 11432—Opinion Filed July 31, 1923.

**Indians—Validity of Second Agricultural Lease.**

A lease executed on June 6, 1918, by a full-blood Creek Indian on his restricted surplus allotment, to commence on January 1, 1919, and to expire June 6, 1923, and at the expiration of an existing valid lease is void where it appears that it was unnecessary to make such lease at such time in order to regulate the course of cultivation to be pursued for the subsequent year.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from Superior Court, Creek County; Gaylord R. Wilcox, Judge.

Action by J. A. Jones against I. R. Yates, H. Nash, and Frank Hamilton. Judgment for plaintiff, and defendants bring error. Reversed.

Thompson & Smith, for plaintiffs in error.

Cheatham & Beaver and J. D. Johnston, for defendant in error.

Opinion by DICKSON, C. This is a suit in ejectment and for damages commenced in the superior court of Creek county on the 11th day of February, 1919, by J. A. Jones, plaintiff, against I. R. Yates, H. Nash, and Frank Hamilton, defendants, and involves conflicting leases on the restricted surplus allotment of James Tiger, a full-blood Creek Indian.

We will refer to the parties in this opinion as they were designated in the trial court. The plaintiff's petition is based upon an agricultural lease executed by James Tiger on June 6, 1918, to Purdy and Combs and to commence January 1, 1919, and to expire June 6, 1923; and a lease executed July 19, 1918, by Purdy and Combs by which said allotment was leased to the plaintiff, J. A. Jones, for a term of five years from January 1, 1919.

The first count of the plaintiff's petition is in the ordinary form and prays for possession. The third count charges, in substance, that the plaintiff has been deprived of the possession of said lands by the defendants for the year 1919, to his damage

in the sum of $500, which he says is the reasonable rental value of said lands for the year 1919, and prays judgment accordingly. On the trial plaintiff dismissed as to the second count of his petition.

The defendants' answer denied generally all of the averments of the petition, and also set up a lease executed by James Tiger to I. R. Yates, by which the said James Tiger leased said allotment to defendant Yates for the term beginning January 1, 1916, and ending December 31, 1920. The case was tried on December 2, 1919, to a jury, and at the close of the defendants' case, on motion of the plaintiff, the court instructed the jury to return a verdict for the plaintiff on the first and third counts of his petition, that is, for possession of the lands and $500 damages, and upon this verdict rendered judgment against all of the defendants for possession and for $500 damages.

The defendants have perfected their appeal and assign the action of the trial court in directing a verdict in favor of the plaintiff as error.

This being an action in ejectment, the plaintiff in the trial court must recover if at all upon the strength of his own title or right of possession.

If the lease from Tiger of June 6, 1918, to Purdy and Combs was a valid lease, the plaintiff was entitled to recover. In making out his case the plaintiff introduced in evidence a lease from Tiger to one A. B. Capshaw, and asserted in the trial court, and asserts here that this was a valid lease. It was approved by the Secretary of the Interior, and did not expire until January 1, 1919.

The lease upon which the plaintiff relies was made nearly seven months before the Capshaw lease expired, and was not a lease made while the allottee was in possession, or when he had a right to possession, but was a lease intended to commence in the future and at the expiration of an existing valid lease. Following the doctrine laid down in United States v. Noble, 237 U. S. 74, 35 Sup. Ct. 532, 59 L. Ed. 844, and Hudson v. Hildt, 51 Okla. 359, 151 Pac. 1063, it is settled that a lease made by a full-blood Indian of his restricted allotment to take effect in the future and at the expiration of an existing valid lease is void, unless such new lease is made near the termination of the existing lease at a fair rental, and when necessary to control the course of cultivation to be pursued. See, also, Mullen et al. v. Carter,

68 Okla. 207, 173 Pac. 512; Brown v. Van Pelt, 64 Okla. 109, 166 Pac. 102.

We have carefully examined the entire record in the case and are satisfied that the lease upon which the plaintiff relies does not meet the requirements mentioned in these decisions. The plaintiff's pleading and evidence demonstrate that the lease in question was not entered into at that early date for the purpose of controlling the character of cultivation to be pursued for the ensuing year. There was no evidence introduced at the trial showing or tending to show that it was necessary to take this lease at the time it was taken for the purpose of controlling the course of cultivation to be pursued for the ensuing year and the court erred in directing a verdict for the plaintiff.

It is therefore recommended that the judgment appealed from be reversed, and the cause remanded, with directions to the trial court to enter judgment against the plaintiff for costs.

By the Court: It is so ordered.