**CHENOWETH et al. v. DEAVERS et al.**

No. 16683—Opinion Filed May 25, 1926.

Rehearing Denied July 13, 1926.

**1. Indians—Restricted Lands of Full-Bloods —Overlapping Lease—Invalidity.**

Under the provisions of section 2 of the Act of Congress of May 27, 1908, full-blood Indians may lease their surplus lands for agricultural purposes for a period not to exceed five years, with privilege of renewal, but this does not authorize or render valid an overlapping lease for a period of three years executed and recorded practically 18 months before the expiration of a then subsisting lease on the same premises, even though the total period covered by both leases is only five years.

**2. Same.**

Primarily, the purpose and intent of this limitation on the right of contract are to protect the Indians against improvident contracts, rendered so by postponed possession, depreciated values of postponed terms, and absence of competition for leases not followed by reasonably early possession.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Wagoner County; E. A. Summers, Judge.

Action by G. B. Chenoweth et al. against W. F. Deavers et al. for damages for unlawfully ousting plaintiffs from possession of real estate. Judgment for defendants, and plaintiffs bring error. Affirmed.

This action was commenced October 1, 1924, by plaintiffs filing their petition in the district court of Wagoner county against the defendants, wherein it was alleged in substance that plaintiffs were entitled to the possession of certain described lands for the year 1924 by virtue of an agricultural lease dated July 21, 1921, executed by Sophie Thomas and her husband, Louis Thomas, and which was of record in Wagoner county; that on or about the 1st day of January, 1924, the defendants conspired and confederated with each other for the purpose of illegally taking possession of said premises from the tenants of plaintiffs and did unlawfully take such possession on or about January 10, 1924, and have continued in such possession since that date to plaintiffs'

damage in the sum of $500, the reasonable rental value thereof for the year 1924. By a second count they alleged actual damages suffered by reason of the wrongful acts of defendants in the sum of $200 and prayed for treble damages in the total sum of $600.

After demurrer to plaintiffs' petition was overruled, defendants answered by general denial, and after admitting their possession of said premises for the year 1924, denied specifically that they were in the wrongful possession thereof, and denied that plaintiffs were entitled to such possession or that any damages had been suffered by plaintiffs.

The cause was tried March 5, 1925, before the court and a jury, and at the conclusion of plaintiffs' testimony, defendants interposed a demurrer to plaintiffs' evidence, which was by the court sustained, and the cause dismissed with prejudice. After unsuccessful motion for new trial plaintiffs have brought the case here by petition in error with case-made attached for review.

J. S. Severson and O. C. Essman, for plaintiffs in error.

Newton & Pinson, for defendants in error.

Opinion by LOGSDON, C. Only one question is presented by this proceeding in error, and that is whether the lease relied upon by plaintiffs is a valid lease under the acts of Congress and the decisions of this court based thereon.

It appears from the testimony preserved in the record, that on January 1, 1920, a man named Mitchell took a lease on the premises here involved for the years 1920 and 1921, and that in July, 1920, these instant plaintiffs took a lease upon the same premises for a period of three years, beginning January 1, 1922. It is stipulated between the parties that Sallie Thomas, nee Carr, the lessor, is a full-blood Creek Indian duly enrolled as such, and that the land in controversy is a part of her surplus allotment. That portion of the Act of Congress of May 27, 1908, here involved reads:

"That all lands other than homesteads allotted to members of the Five Civilized Tribes from which restrictions have not been removed may be leased by the allottee, if an adult, or by guardian or curator under proper order of the proper probate court, if a minor or incompetent. for a period not to exceed five years, without the privilege of renewal."

Plaintiffs concede that numerous decisions by this court have held that under the foregoing provision a lease executed during the

existence of a prior valid lease upon the same premises is void where the unexpired term of the first lease, together with the term provided for in the second lease, exceeds the term of five years during which the allottee will be kept out of possession of the land. It is contended, however, by plaintiffs that these decisions are not controlling where, as in the instant case, the unexpired term of the first lease together with the full term of the second lease is less than five years. This contention of plaintiffs is thus expressed in their brief on page 13:

"In the case at bar the first lease was for two years, 1920 and 1921, and the allottee had three years of his option left to exercise. We contend that as long as the allottee does not extend the time longer than five years from the date of the first lease, that he can exercise his option as many times as he wants to."

Without going into a discussion of the numerous cases, in which this court has considered the foregoing provision of the Act of Congress of May 27, 1908, it is sufficient here to say, in answer to plaintiffs' contention above stated, that the holdings of this court do not appear to be based primarily upon the period of time covered by the two leases, where the later one is claimed to be an overlapping lease, but are based rather upon the right of the parties to contract with reference to the lands at a time when the lessor is excluded from possession by a valid and subsisting lease, where it is not made to appear that the second contract is made near the termination of the first contract, for a fair and reasonable rental, and in order to regulate the course of cultivation which is to be pursued during the ensuing year. In the case of Brown v. Van Pelt, 64 Okla. 109, 166 Pac. 102, this court, in paragraph 4 of the syllabus, used this language.

"A lease executed on January 4, 1913, by a full-blood Creek Indian woman on her restricted surplus allotment to commence January 1, 1914, to run for a period of four years, where it is not shown that it was necessary to make the new lease at such time, in order to regulate the course of cultivation that was to be pursued the subsequent year, is void."

Other cases which have followed the Van Pelt Case are: Mullen v. Carter, 68 Okla. 207, 173 Pac. 512; Taylor v. Callahan, 82 Okla. 67, 198 Pac. 487; Walker et al. v. Holmes, 91 Okla. 64, 215 Pac. 1065; Simpson v. Hicks et al., 90 Okla. 207, 216 Pac. 940; Yates et al. v. Jones, 92 Okla. 64, 217 Pac. 864.

In the instant case, the lease of plaintiffs was executed July 21, 1920, and filed for record July 22, 1920, to take effect January 1, 1922. The land involved, as shown by the testimony, was river bottom land, all in a state of cultivation and suitable for such crops as cotton, corn, and alfalfa. No reason is shown in the record why it was necessary in reference to this character of land to take a lease practically 18 months in advance of the expiration of the valid and subsisting lease then upon the land.

It being clearly apparent that the instant case is controlled by the decisions of this court in the cases above cited, it is concluded that the action of the trial court in sustaining the demurrer of defendants to the evidence of plaintiffs was correct, and that the judgment of the trial court dismissing the action with prejudice should be and is in all things affirmed.

By the Court: It is so ordered.

Note.—See 31 C. J. p. 518 § 87.