## REIRDON et al. v. BRONAUGH.

No. 16944.    Opinion Filed Feb. 21, 1928.

(Syllabus.)

**1. Indians—Restricted Lands—Validity of Lease Executed Before Expiration of Another Lease.**

Under the Act of Congress of May 27, 1908, regulating the leasing of restricted Indian lands for agricultural purposes, a valid lease by the owner may be made of his restricted surplus allotment while there is an outstanding valid unexpired lease thereon, provided such lease is made near the termination of the existing valid lease, and the circumstances are such that it is necessary to make the lease at such time in order to regulate the course of cultivation intended to be pursued the following year. In no case, however, shall such new lease be for a period of more than five years from its date. Under similar circumstances, restricted homestead allotments may be leased for the ensuing crop year during the existence of a valid outstanding unexpired lease, the new lease to begin at the expiration of the existing lease and run for a period of one year therefrom.

**2. Judgment Sustained.**

Record examined, and held, sufficient to support the judgment of the trial court.

Error from District Court, Marshall County; Porter Newman, Judge.

Action by V. Bronaugh against J. P. Reirdon et al. Judgment for plaintiff, and defendants bring error. Affirmed.

Geo. E. Rider, for plaintiffs in error.

Ames, Lowe & Cochran and R. H. Stanley, for defendant in error.

HEFNER, J. On September 22, 1923, Lizzie Noah, nee Carny, a full-blood Choctaw Indian, entered into a lease contract for a period of five years to begin on December

10, 1923, and expire on December 10, 1928. This lease ran for a period of more than five years from the date it was executed. On September 4, 1924, Lizzie Noah leased the same premises to V. Bronaugh for a period of five years running from the date of the lease. Bronaugh, plaintiff, brought suit in the district court of Marshall county against J. P. Reirdon, as defendant, for possession of the premises, claiming that Reirdon's lease was void for the reason that it was for a period of more than five years from the date of its execution and therefore violative of the Act of Congress of May 27, 1908.

The facts were undisputed and the learned trial judge held that the lease was void because the same extended for a longer period than five years from the date thereof. From this judgment, the defendant has appealed to this court.

The plaintiff in error contends that where there is a showing of necessity for making an agricultural lease shortly before the expiration of an existing lease in order to regulate the course of cultivation which is to be pursued the subsequent year, the same will be sustained in equity.

Under the acts of Congress, a restricted Indian is permitted to lease his homestead allotment for a period of one year from the date thereof and his surplus allotment for a period of five years from the date thereof without the privilege of renewal. It is well settled by the decisions of this court that in case of the one-year lease on the homestead allotment, the allottee may make an agricultural lease shortly before the expiration of an existing lease to begin at the expiration of the prior lease, where it is shown to be necessary in order to regulate the course of cultivation which is to be pursued the subsequent year.

When dealing with the surplus allotment, a somewhat different rule has been announced by this court. In the case of Worrell v. Graves, 101 Okla. 246, 225 Pac. 361, the first paragraph of the syllabus is as follows:

"An agricultural lease by the allottee for five years from a future date on the surplus allotment of a full-blood Choctaw Indian is invalid."

In the body of the opinion the court said:

"We reaffirm the position that the five-year surplus leases are invalid if the period extends more than five years from the date of execution. A different rule exists with reference to homestead leases for a very different and obvious reason. The leases being limited to one year, it might be impossible to cultivate the land were some latitude not permitted."

In the case of Flynt v. Hastings, 122 Okla. 60, 252 Pac. 33, this court announced the rule as follows:

"The rule governing the validity of agricultural leases, executed under circumstances such as these presented here, is as follows: The lease, if executed during the existence of a prior valid lease, to be valid, must be made for (1) a fair rental; (2) near the termination of the existing lease; (3) it must not extend the term more than five years from the date of the last lease; (4) the leasing must be necessary to control the course of cultivation to be pursued."

The substance of the rule announced in dealing with the leasing of the homestead and surplus allotments of restricted Indians under the Act of Congress of May 27, 1908, is that a valid lease by the owner may be made of a restricted surplus allotment while there is an outstanding valid unexpired lease thereon, provided such lease is made near the termination of the existing valid lease, and the circumstances are such that it is necessary to make the lease at such time in order to regulate the course of cultivation intended to be pursued the following year, and, provided, further, that in no case shall such new lease be for a period of more than five years from its date. Under similar circumstances, restricted homestead allotments may be leased for the ensuing crop year during the existence of a valid outstanding unexpired lease, the new lease to begin at the expiration of the existing lease.

The lease of the plaintiff in error was on the restricted surplus allotment and ran for a period of more than five years from its date and is clearly invalid under the rule announced in the case of Flynt v. Hastings, supra, and the numerous cases therein cited.

It follows that the judgment of the trial court must be affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, HUNT, and RILEY, JJ., concur. PHELPS, J., dissents.

Note.—See 31 C. J. p. 519, §87.