### ROWLAND et al. v. MORGAN.

No. 26338.　Dec. 8, 1936.

Rehearing Denied Jan. 5, 1937.

Reuel W. Little, for plaintiffs in error.

Don Welch, for defendant in error.

PER CURIAM. This action was instituted in the district court of Marshall county by E. A. Morgan, as plaintiff, against C. W. Rowland and J. B. Divens, as defendants. In this opinion we will refer to the parties in the order of their appearances in the trial court.

The plaintiff alleged that he was entitled to the possession of the homestead allotment of Lemmie Wallace, a full-blood Mississippi Choctaw Indian, by virtue of an agricultural lease executed by the allottee under date of November 27, 1933; that the defendants were in the unlawful possession of said premises. Defendants answered and alleged that said lease was void for want of consideration, and for the further reason that it was in effect an overlapping lease made in violation of the Act of Congress relative to the execution of leases by full-blood Indians (Act May 27, 1908 [35 Stats. L. 312]); under stipulation of parties the plaintiff introduced the homestead deed from the Choctow Nation to Lemmie Wallace and an agricultural lease from said allottee to the plaintiff bearing date of November 27, 1933, and which purports to lease the lands in controversy to the plaintiff for a term of one year from its date, and rested. Demurrer of the defendants to the plaintiff's evidence was overruled. Defendants then, under the stipulation of the parties, introduced an agricultural lease from the allottee to the defendant Dr. C. W. Rowland, which lease bore date of December 30, 1932, and described the lands in controversy, and which was for a term of one year from its date; a release by J. F. Alexander under date of November 27, 1933, which released an agricultural lease previously executed by the allottee under date of August 21, 1933, to the said Alexander and an agricultural lease executed by the allottee to the defendant Dr. C. W. Rowland, which lease bore date of December 1, 1933, and was for a term of one year from date and purported to lease the

lands in controversy. The defendant Rowland testified that he was in possession of the premises on November 27, 1933, and had been in such possession for approximately 15 years prior thereto, and that it was not necessary to make a lease prior to December 1st in order to control the cultivation of the land. Deposition of the allottee, Lemmie Wallace, was introduced and read, wherein the allottee testified that he had been leasing the premises involved to the defendant for a number of years; that he had executed an agricultural lease on said lands to J. F. Alexander in August, 1933; that he did not know the plaintiff, and that about November 27, 1933, Alexander, together with other parties unknown to the witness, came to see him with reference to a lease on his lands; that he understood that they wanted a new lease in place of the lease which he had executed to Alexander the preceding August; that he signed such lease, but was not paid any additional compensation therefor; that on December 1, 1933, he again leased the premises to Dr. C. W. Rowland for a cash consideration which was paid. Demurrer of the plaintiff to this evidence was overruled. Rebuttal evidence of plaintiff was to the effect that he was in no manner interested in the lease between the allottee and Alexander and had not participated therein or had any connection therewith; that, however, before he would accept a lease from the allottee he required a release from Alexander, and that he had paid the full consideration for his lease to Alexander in the presence of the allottee, and that it was proper to obtain the lease on November 27, 1933, in order to control the cultivation of the premises. Both sides thereupon moved for directed verdict. Without ruling thereon the court proceeded to instruct the jury orally. Defendants excepted to this action of the court and submitted three written requested instructions. The court refused to give either of the requested instructions and evidenced his refusal thereon in the manner provided by statute. The jury returned a verdict in favor of the plaintiff. The defendants appealed from the judgment rendered on the verdict and the order overruling and denying their motion for new trial. The plaintiff departed this life and the cause has been revived against Eva McGahey, the administratrix of his estate.

Defendants assign eight specifications of error in this court and present them under four propositions. These may be summarized as: (a) Error in denial of their request for a directed verdict; (b) error in refusing to give certain requested instructions; (c) failure of the court to define the issue and give appropriate instructions on its own motion; (d) that certain remarks of the court constituted an invasion of the province of the jury and prevented defendants from having a fair trial.

As we have said in Abbott v. Dingus, 44 Okla. 567, 145 P. 365:

"It is only when the evidence, with all the inferences the jury could justifiably draw from it, will be insufficient to support a verdict for plaintiff that the court is authorized to direct a verdict for defendant; and unless the conclusion follows as a matter of law that no recovery can be had upon any view that can be properly taken of the facts which the evidence tends to establish, the case should be left to the jury, under proper instructions."

Defendants contend that the evidence can bear but one interpretation, that of willful purpose on the part of the plaintiff to evade the provisions of the Act of Congress of May 27, 1908, relative to the leasing of lands of restricted members of the Five Civilized Tribes. In support of this contention we are cited to Harley v. McCasland, 162 Okla. 117, 19 P. (2d) 356, and Carter v. McCasland, 162 Okla. 119, 19 P. (2d) 372. These cases reiterate the rule that a lease, whether on surplus or a homestead of a restricted allottee, made in violation of Act of Congress May 27, 1908, is void, but they do not support the particular contention which the defendants seek to make on this appeal, which is that the lease of the plaintiff was void ab initio. Under the Act of Congress May 27, 1908, restricted homestead allotments may be leased for the coming crop year. Mullen v. Carter, 68 Okla. 207, 173 P. 512; Carden v. Humble, 76 Okla. 165, 184 P. 104; Walker v. Holmes, 91 Okla. 64, 215 P. 1065; Flynt v. Hastings, 122 Okla. 60, 252 P. 33; Carter v. McCasland, 131 Okla. 253, 268 P. 706; U. S. v. Noble, 237 U. S. 74, 35 S. Ct. 532, 59 L. Ed. 844.

In Flynt v. Hastings, supra, we said:

"The rule governing the validity of agricultural leases executed under circumstances such as these presented here is as follows: The lease, if executed during the existence of a prior valid lease, to be valid, must be made for (1) a fair rental; (2) near the termination of the existing lease; (3) it must not extend the term more than five years from the date of the last lease; (4) the leasing

must be necessary to control the course of cultivation to be pursued."

And in Mullen v. Carter, supra, we said:

"Under Act May 27, 1908, restricted homestead allotments may be leased for the ensuing crop year during existence of unexpired lease, the new lease to begin at the expiration of the existing lease, if made near the termination of the existing lease, and if necessary in the course of cultivation."

The evidence of mala fides on the part of the plaintiff in procuring the lease November 27, 1933, was neither strong nor convincing, and at best was circumstantial and such as by inference might lead to a conclusion that the plaintiff had colluded with Alexander, but there was also positive evidence of bona fides on the part of the plaintiff in the transaction. Under these circumstances, the court would not have been warranted in declaring as a matter of law that the plaintiff's lease was void and made in violation of the act of Congress, and hence it was not error to deny the defendant's motion for directed verdict. The court instructed the jury orally; defendants then requested three written instructions, one of which was for a directed verdict and which needs no discussion in view of what we have already said. An examination of the two requested instructions which the court refused to give and concerning which the defendants now complain shows that the substance of one of these instructions was sufficiently embraced in the charge which the court had already given to the jury, and that hence there was no error in refusing this request. Harris v. Rich, 104 Okla. 120, 229 P. 1080.

An examination of the other requested instruction reveals that it was not correct in form and substance, and hence its refusal was not error. Smith v. Pulaski Oil Co., 88 Okla. 47, 211 P. 1047. The trial court correctly concluded that there was but a single question to be presented to the jury for its determination, that is, whether the plaintiff's lease was in effect a substitute for the admittedly void lease which had been made to Alexander. Under these circumstances, it was not necessary to charge the jury at length. As we have said in Ft. Smith & W. R. Co. v. Ho'combe, 59 Okla. 54, 158 P. 633, L. R. A. 1916F, 1237:

"Where the trial court generally instructed the jury in plain and simple language defining the issues made by the pleadings, and the law applicable to the facts as proven in the trial, error predicated upon definitions of legal terms, correct as far as the definitions went, but incomplete, held harmless."

The most serious question presented concerns the remarks made by the trial judge in the presence of the jury. These remarks were in several instances highly improper and unwarranted. As we have said in Settle v. Crawford, 155 Okla. 291, 9 P. (2d) 38:

"A trial judge should refrain from any remark or demeanor during the conduct of a trial which might have a tendency to indicate an opinion as to the merits of the case or the truth or falsity of the testimony of witnesses. Where that rule has been violated and the violation thereof has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right, the judgment of the trial court will be set aside and a new trial will be granted, but where the judgment of the trial court is supported by the evidence and is clearly just, it should not be reversed by reason of a violation of the rule where the substantial rights of the plaintiff in error have not been violated."

While the conduct and demeanor of the trial court appears to have been improper and such as should not be indulged at any time, we cannot say, after a careful examination of the entire record, that it probably resulted in a miscarriage of justice or constituted a substantial violation of a constitutional or statutory right of the defendants. Under these circumstances, a reversal is prohibited under the terms of section 3206, O. S. 1931. There being no reversible error shown, the judgment of the trial court will be affirmed.

Judgment affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. RILEY and BUSBY, JJ., absent.