BRYANT v. MONTGOMERY et al.

No. 8990—Opinion Filed July 23, 1918.

Rehearing Denied Sept. 17, 1918.

(174 Pac. 1080.)

**Indians — Powers. of Guardian — Less of Ward's Land.**

The control of a guardian over the estate of his ward, as set out in sections 6544 and 6569, Rev. Laws 1910, does not authorize the guardian of an Indian minor to make a grazing lease of his ward's allotment, for a term of three years, without the express approval or authorization of the county court so to do. Bailey v. King et al., 57 Okla. 528, 157 Pac. 763, holding to the contrary, is expressly overruled.

(Syllabus by Galbraith, C.)

Error from District Court, Craig County; R. P. De Graffenried, Judge.

Action by K. J. Montgomery and E. C. Perriman against W. S. Bryant. There was judgment for the plaintiffs, and defendant brings error. Affirmed.

Albert D. Bennett and Denis H. Wilson, for plaintiff in error.

W. H. Kornegay, for defendants in error.

Opinion by GALBRAITH, C. The defendants in error, as plaintiffs in the trial court, commenced this action to recover possession of a portion of the surplus allotment of Eben Brown, a minor citizen of the Cherokee Nation, and for damages for withholding possession of the premises; their claim being based on a grazing lease for a term of five years from January 1, 1915, duly executed by the guardian of said minor allottee, and approved by the county court of Craig county, where the land was located and the guardianship was pending.

The plaintiff in error, as defendant, was in possession of the land under a grazing lease, duly executed by the guardian of the allottee on the 29th day of April, 1914, giving him the use of the land for a period of three years from January 1, 1915. The lease under which the plaintiff in error held the land was regular in form in all respects, except it had not been authorized or its execution approved by order of the county court, nor had it been placed on record, although the defendants in error had actual notice of this lease at the time their lease was taken.

A jury being waived, the cause was tried to the court, and a general finding made for the plaintiffs, and a judgment entered in their favor for the possession and damage in the amount of the rental on the land for two years, and interest, amounting in the aggregate to the sum of $43. From that judgment an appeal has been duly perfected to this court.

But one question is presented for consideration, and that is whether or not, under the law of this state, a guardian or a minor allottee of 33-64 Indian blood can execute a grazing lease on the minor's land for a term of three years without the approval and authorization of the county court; it being conceded, under the facts disclosed in the record, that the lease held by the defendant, who was in possession of the lands, was of prior date to that under which the plaintiffs claim, and that it was regular in form, except that it had not been approved by the county court, and had not been placed on record, and that the plaintiff had actual notice of the existence of this lease at the time of taking the lease under which he claims.

It is contended on behalf of the plaintiff in error that the guardian had authority to make the lease to him without the authorization of the county court, and that his lease was regular and of prior date to that of the defendant in error, and the judgment of the trial court was wrong in not sustaining his lease. Bailey v. King, 57 Okla. 528, 157 Pac. 763, is cited in support of this contention. The facts in the Bailey Case are almost identical with the facts in the case at bar, and it is expressly held that the guardian had authority to make a lease without the approval of the court. This decision, written by a Commissioner, follows a decision of the federal court of the Eastern district of Oklahoma, in the case of Bettes v. Brower (D. C.) 184 Fed. 342, handed down January 6, 1911. However, the decision of this court holding directly to the contrary is not referred to in this opinion, namely, in Duff v. Keaton et al., 33 Okla. 92, 124 Pac. 291, 42 L. R. A. (N. S) 472, filed May 14, 1912, wherein it is held:

"A guardian has no authority to lease the lands of his ward, or enter into a license or contract covering the same, for oil and gas mining purposes, without the direction and approval of the probate court, for said section stipulates that the probate court may 'make such other orders and give such directions as are needful for the management, investment and disposition of the estate and effects, as circumstances require. The rule obtaining at common law for the guardian to lease the lands of his ward without the approval of the court is thereby changed."

This decision of the Supreme Court of the state was not referred to in the opinion in the Bailey Case, although the court con-

strued the statutes of the state governing the power of a guardian over the estate of his ward, independent of the authority of the county court, and reached a conclusion directly contrary to the holding of the federal court in the decision followed by the Commissioner as to such powers under the statute; of the state. Evidently the decision of Duff v. Keaton et al. was not called to the attention of the Commissioner writing the decision in Bailey v. King et al. on the original hearing, inasmuch as no reference is made in the opinion to that case. However, attention seems to have been called to this case on petition for rehearing; but the Commissioner, for reasons satisfactory to himself, refused to follow it and adhered to his original conclusion.

It seems that the trial court in its judgment followed the earlier opinion of this court, that of Duff v. Keaton et al. We are inclined to think that this is the better considered opinion, and that it announces the law in this jurisdiction on the question of the power of the guardian over the land of his ward, and the decision in Bailey v. King et al., being in irreconcilable conflict therewith, should be overruled, and the judgment appealed from should be affirmed.

By the Court: It is so ordered.