## CARTER v. McCASLAND et al.

No. 18485. Opinion Filed June 26, 1928.

(Syllabus.)

1. **Guardian and Ward—Agricultural Lease by Guardian—Necessity for Approval of County Court.**

The control of a guardian over the estate of his ward does not authorize the guardian to make an agricultural lease of his ward's real estate without the express approval or authorization of the county court having jurisdiction of such guardianship proceeding.

2. **Vendor and Purchaser—Possession of Real Estate as Notice of Interest Therein.**

3. **Indians—Agricultural Leases on Restricted Land by Owner—Validity of Lease on Homestead Allotment Executed Shortly Before Expiration of Existing Lease.**

Under the Act of Congress of May 27, 1908, regulating the leasing of restricted Indian lands for agricultural purposes, a valid lease by the owner may be made of his homestead allotment for a period of one year from the date thereof and of his surplus allotment for a period of five' years from the date thereof without the privilege of renewal. In case of the one-year lease on the homestead allotment, the allottee may make an agricultural lease shortly before the expiration of an existing lease to begin at the expiration of the prior lease, where it is shown to be necessary in order to regulate the course of cultivation which is to be pursued the subsequent year.

4. **Same—Question of Fact Whether Necessary to make Second Lease to Control Course of Cultivation for Ensuing Year.**

The question as to whether or not such new lease was made at a time reasonably near the termination of the existing lease and when necessary to control the course of cultivation for the ensuing year, is a question of fact to be determined by the court or jury.

5. **Same—Finding of Necessity for Leasing Land Before Termination of Outstanding Lease not Sustained by Evidence.**

Record examined, and held, that there is no competent evidence which supports the finding of the trial court that it was necessary to control the course of cultivation for the ensuing year that the lease in question be taken during the previous August.

6. **Evidence—Records of County Clerk to Prove Instrument Recorded Where Original not Available.**

The records of the county clerk of an instrument authorized to be recorded may be admitted in evidence where the original instrument is not in possession of or under the control of the party offering the same.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by T. H. McCasland against G. W. Carter, O. B. Renfrow, and W. W. Hasty, which was consolidated with an action by G. W. Carter against O. B. Renfrow and an action by G. W. Carter against W. W. Hasty. George T. Victor, guardian of Nicey E-Ba-Ho-Tubbi, an incompetent, intervened in each of said actions. Judgment for McCasland, from which Carter appeals, and the intervener files cross-appeal. Affirmed in part and reversed in part.

Bond & Bond, for plaintiff in error.

Womack, Brown & Cund, for defendants in error.

MASON, V. C. J.　This is an appeal from a judgment rendered in three suits which were consolidated and which involved the surplus and homestead allotments of one Nicey E-Ba-Ho-Tubbi, a full-blood Choctaw Indian, and the rents from said lands for the year 1924.

On October 20, 1924, G. W. Carter, plaintiff in error herein, commenced his action against the defendant in error herein, W. W. Hasty, to recover rents from a portion of said lands which had been cultivated for said year by him as tenant of Carter.

On the same date, Carter also filed a similar action against the defendant in error O. B. Renfrow, to recover rents on the other portion of said lands, which it was alleged Renfrow had cultivated for said year as the tenant of Carter.

On October 28, 1924, the defendant in error herein, T. H. McCasland, commenced his action against the said G. W. Carter and his tenants, Renfrow and Hasty, to recover the possession of all of said lands or the rents thereof for the year 1924.

Hasty and Renfrow filed separate answers, admitting that they went into possession of said premises as the tenants of Carter, and further alleged the commencement of the suit by McCasland and that they did not know who was entitled to receive said rents as between Carter and McCasland and that they were ready, able, and willing to pay said rents to the proper party.

In each of these cases, George T. Victor, as guardian of Nicey E-Ba-Ho-Tubbi, an incompetent, filed his plea of intervention. The cases were consolidated and tried on the sole issue as to who was entitled to the possession of the land and the rents therefrom for the year 1924.

McCasland's claim is founded upon a written agricultural lease executed by George T. Victor, guardian of Nicey E-Ba-Ho-Tubbi, an incompetent, on the 22nd day of August, 1923, for a term beginning January 1, 1924, and ending December 31, 1924, which lease was duly approved by the county court of McCurtain county, the court having jurisdiction of said guardianship proceeding. Said lease covered both the surplus and the homestead allotments.

Carter's claim is based on an oral rental contract entered into with said guardian on October 15, 1923, and which was not approved by the county court. The intervener claims that neither lease is valid, and, therefore, he is entitled to said rents.

The trial court rendered judgment for McCasland, and Carter appeals, while the intervener has filed his cross-appeal.

The lease of Carter, not having been approved by the county court having jurisdiction of the guardianship proceedings, is invalid. Curtis et al. v. McCasland, 131 Okla. 256, 268 Pac. 704; Bryant v. Montgomery et al., 73 Okla. 104, 174 Pac. 1080; Duff v. Keaton et al., 33 Okla. 92, 124 Pac. 291.

Counsel for plaintiff in error insist that the possession of Carter at the time McCasland took his lease was notice to him of all rights claimed by Carter. Counsel cite the case of Chism v. Majors, 92 Okla. 45, 217 Pac. 465, and Wilkinson v. Stone, 82 Okla. 296, 200 Pac. 196, to support the contention that possession of real property carries with it the presumption that the possession of the occupant is rightful, and it is the duty of those dealing with others than the party in possession regarding such property to ascertain the claim of the party in possession, and that the open, actual possession of such property is notice to the world of just such interest as the possessor actually has therein. If McCasland had made inquiry, he would have found that Carter and his tenants were claiming under a lease executed by the guardian, but which was not approved by the county court having jurisdiction of said guardianship proceeding, and that, therefore, they had no valid claim to said property.

It is next insisted by both the plaintiff in error and the cross-petitioner that the lease of the defendant in error McCasland is void in so far as it covers the homestead portion of said allotment, because it was taken for a term extending for more than one year from the date of the lease. Counsel cite several cases and section 2 of the Act of Congress of May 27, 1908, which provides:

"That all lands other than homesteads allotted to members of the Five Civilized Tribes from which restrictions have not been removed may be leased by the allottee, if an adult, or by guardian or curator under order of the proper probate court, if a minor or incompetent, for a period not to exceed five years, without the privilege of renewal; provided, that leases of restricted lands for oil, gas, or other mining purposes, leases of restricted homesteads for more

than one year, and leases of restricted lands for periods of more than five years, may be made, with the approval of the Secretary of the Interior, under rules and regulations provided by the Secretary of the Interior, and not otherwise. And provided, further, that the jurisdiction of the probate courts of the state of Oklahoma over lands of minors and incompetents shall be subject to the foregoing provisions, and the term minor or minors, as used in this act, shall include all males under the age of twenty-one years and all females under the age of eighteen."

The cases on this question are not without confusion, but the last expression of this court, which seems to harmonize the previous decisions, is the case of Reirdon et al. v. Bronaugh, 129 Okla. 255, 264 Pac. 610, the syllabus of which is as follows:

"Under the Act of Congress of May 27, 1908, regulating the leasing of restricted Indian lands for agricultural purposes, a valid lease by the owner may be made of his restricted surplus allotment while there is an outstanding valid unexpired lease thereon, provided such lease is made near the termination of the existing valid lease, and the circumstances are such that it is necessary to make the lease at such time in order to regulate the course of cultivation intended to be pursued the following year. In no case, however, shall such new lease be for a period of more than five years from its date. Under similar circumstances, restricted homestead allotments may be leased for the ensuing crop year during the existence of a valid outstanding unexpired lease, the new lease to begin at the expiration of the existing lease and run for a period of one year therefrom."

This opinion follows Worrell v. Graves, 101 Okla. 246, 225 Pac. 361, and quotes the first paragraph of the syllabus, as follows:

"An agricultural lease by the allottee for five years from a future date on the surplus allotment of a full-blood Choctaw Indian is invalid."

And from the body of the opinion, as follows:

"We reaffirm the position that the five-year surplus leases are invalid if the period extends more than five years from the date of execution. A different rule exists with reference to homestead leases for a very different and obvious reason. The leases being limited to one year, it might be impossible to cultivate the land were some latitude not permitted."

The question of whether or not McCasland's lease, so far as it applied to the homestead, was made at a time reasonably near the termination of the existing lease and when necessary to control the course of cultivation for the ensuing year was a question of fact. Walker et al. v. Holmes, 91 Okla. 64, 215 Pac. 1065. The trial court specifically found that it was necessary to take said lease at said time in order to regulate cultivation for the year 1924. Therefore, if there is any competent evidence reasonably tending to support such finding, the same will not be disturbed by this court on appeal. We have carefully read the record, however, and fail to find any evidence to support such finding. The evidence is that said land was used for growing cotton and corn and that it was not necessary to break the ground and prepare it for such crop before the first of the year. The defendant in error McCasland did testify that it was necessary to rent said land in June or July in order to get a good tenant. Such testimony was, no doubt, based on the theory that he expected to sublease said land. This, however, does not bring his lease within the rule above announced, and we, therefore, must conclude that his lease was invalid in so far as it applied to the homestead portion of the allotment.

The lease being for one year only would be valid in so far as it applied to the surplus allotment, although it expired more than a year from the date of its execution, because under the act of Congress, supra, a lease may be made on a surplus allotment for five years without the approval of the Secretary of the Interior.

Plaintiff in error also complains of the action of the trial court in admitting in evidence the record of McCasland's lease as found in the office of the county clerk of Stephens county. It is urged that this was secondary evidence and that no sufficient foundation was laid for its introduction. Section 654, C. O. S. 1921, specifically provides for the introduction of records in the office of the county clerk where the original instrument is not in possession of or under control of the party offering the same. McCasland testified that he did not have the original lease or the order of the county court approving the same; that they were not under his control; that he had delivered them to his attorney at the time the suit was filed. Mr. Cund, his attorney, testified that he had lost the originals; that he had made diligent search for the same and had been unable to find them. Under such circumstances, the record was admissible and the contention of the plaintiff in error is without merit.

Plaintiff in error next attacks the McCas-

land lease as to the surplus allotment on the ground that it was not actually executed until August 22, 1924, or until after the execution of his lease. This is based on the record of the county clerk's office which shows the lease to be dated in the year 1924 instead of 1923. The same record shows that the lease was acknowledged before the notary public on August 22, 1923, and the records of the county clerk show that the lease was recorded on January 3, 1924, or more than seven months before the record shows it to have been executed. All the evidence of the plaintiff, McCasland, was that said lease was executed on August 22, 1923, and the original answer of the plaintiff in error filed in the trial court admitted that it was executed on said date. It is, therefore, apparent that a typographical error occurred in recording said instrument in the office of the county clerk, and the contention of the plaintiff in error is without merit.

From the foregoing and an examination of the entire record herein, we conclude that the lease of McCasland was valid in so far as it applied to the surplus allotment, and that portion of the judgment of the trial court is affirmed. But, inasmuch as neither the lease of Carter nor McCasland was valid as to the homestead portion of the allotment, that portion of the judgment is reversed, with directions to render judgment for the intervener.

BRANSON, C. J., and PHELPS, LESTER, HUNT, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 28 C. J. p. 1137, §227: 12 R. C. L. p. 1127; (2) 39 Cyc. p. 1747; 20 R. C. L. p. 352. (3) 31 C. J. p. 517, §84. (4) 31 C. J. p. 519, §87. (6) 22 C. J. p. 1035, §1326.