## NEMECEK v. GATES.

No. 21904. June 5, 1934.

Rehearing Denied June 30, 1934.

W. H. Woods, for plaintiff in error.

Glasco & Glasco, for defendant in error.

PER CURIAM. K. O. Gates, hereafter called plaintiff, filed suit in the district court of McClain county, Okla., against Andrew Nemecek, hereafter called defendant. A jury was waived and the cause tried to the court; and after the introduction of evidence, judgment was rendered in favor of the plaintiff in the sum of $175.

Plaintiff's petition, in substance, alleges that on the 2nd day of January, 1929, one Allington Bathest, a duly enrolled full-blood member of the Choctaw Tribe of Indians, executed and delivered to the plaintiff an agricultural lease upon certain lands, consisting of 128.21 acres, the same being his homestead, the lease being for the year of 1929; that under the terms of the lease, he was entitled to immediate possession of said land; that a fair and valuable consideration was paid for said lease; and that the defendant wrongfully withholds possession of said land from the plaintiff. He asked that a receiver be appointed to take possession of said premises and collect the rents thereon for the year of 1929, or until such time as the plaintiff can be put in possession of said premises.

The defendant, by way of answer, denies generally the allegations of the plaintiff's petition, and for further answer admits that Allington Bathest is a duly enrolled member of the Choctaw Tribe of Indians, and further admits that he is in possession of said land; and for further answer he alleges that on the 21st day of July, 1928, the said Allington Bathest, for a good and valuable consideration, made and executed an agricultural lease to one S. E. Hegan for the period of one year beginning the 1st day of January, 1929; that said contract was duly filed in the office of the county clerk of McClain county, Okla. Defendant further alleges that thereafter, and on the 2nd day of August, 1928, the said S. E. Hegan duly assigned said lease to the defendant herein; and the defendant alleges that he is entitled to retain possession of said land by reason of the assignment of the lease from the said Hegan to him.

On March 24, 1930, the cause was tried to the court, the leases were introduced in evidence, and evidence was offered as to the rental value of said land for the year of 1929, and a stipulation was entered into by and between the parties to the effect that Allington Bathest was a full-blood Choctaw Indian. No evidence was offered as to whether or not restrictions upon the said Allington Bathest had been removed, and, in the absence thereof, the court would assume that he, being a full-blood Indian, was of the restricted class.

Various assignments of error are complained of, among others:

"That the court erred in refusing competent, relevant, and material testimony proffered by the defendant, Andrew Nemecek, in the trial, which rulings of the court were then and there duly excepted to."

The record has been examined, and we find no merit to this contention. The various other assignments of error complained of may be disposed of by disposing of the question of the validity of the two leases heretofore referred to.

In the case of Eli Bunch v. J. B. Cole, reported in 68 L. Ed. 290, third paragraph of the syllabus, it was held:

"A lease, by an Indian, of homestead land, without the approval of the Secretary of the Interior, to take effect six months later at the expiration of an existing lease, is invalid."

The same question was before the Supreme Court of the state of Oklahoma in the case of Carter v. McCasland, 131 Okla. 253, 268 P. 706, in which the third paragraph of the syllabus reads as follows:

"Under the Act of Congress of May 27, 1908, regulating the leasing of restricted Indian land for agricultural purposes, a valid lease, by the owner, may be made of his homestead allotment for a period of one year from the date thereof, and of his surplus allotment for a period of five years from the date thereof, without the privilege of renewal. In the case of the one-year lease on the homestead allotment, the allottee may make an agricultural lease shortly before the expiration of an existing lease to begin at the expiration of the prior lease, where it is shown to be necessary in order to regulate the course of cultivation which is to be pursued the subsequent year."

Since no evidence was offered to the effect that the lease relied upon by the defendant herein, and executed on the 21st day of July, 1928, was necessarily executed upon that date in order to regulate the course of cultivation which was to be pursued the subsequent year,

and since, by authority of the above-cited cases, a lease executed under such circumstances as the lease relied upon by the defendant herein is an invalid lease, the plaintiff must of necessity prevail, his lease being a valid lease.

The trial court, after having heard the evidence upon the reasonable rental value of the land in controversy for the year of 1929, found that its rental value was the sum of $175, and entered judgment in favor of the plaintiff in said amount. The defendant's lease being invalid, the plaintiff would be entitled to recover in accordance with the finding of the trial court.

Counsel for plaintiff, in his brief, asks that judgment be rendered against the sureties on the supersedeas bond of the defendant. The judgment of the trial court was rendered on the 7th day of May, 1930, in the sum of $175. Judgment therefore will be entered in this court against the sureties on the appeal bond, B. H. Rackley and S. O. Tippitt, in the sum of $175, with interest at six per cent. per annum thereon from May 7, 1930, and for costs; and said judgment ordered entered on the judgment docket of the district court of McClain county, for which let execution issue out of that court.

The judgment of the trial court is in all things affirmed.

RILEY, C. J., and SWINDALL, McNEILL, and BAYLESS, JJ., concur.

The Supreme Court acknowledges the aid of District Judge Jesse J. Worten, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.